SCHMIDT, Defendant in Error, v. SCHMIDT, Plaintiff in Error.

1. The fact that a decree of divorce was rendered in behalf of the plaintiff upon a finding of the facts which omitted to state that the plaintiff was an innocent and injured party—both parties appearing to the suit—does not render the decree invalid.
2. An allowance of alimony may be made although no evidence may have been adduced showing the *income* of the husband.
3. The court may award alimony payable in quarterly instalments, and may authorize the clerk, on a failure to pay any one of such instalments, to issue execution therefor.

*Error to Buchanan Court of Common Pleas.*

This was a suit for divorce by Henrietta F. Schmidt against Herman F. Schmidt. The cause was tried by the court. The court rendered a decree in favor of plaintiff. In the finding of the facts made by the court it is not stated that plaintiff was the innocent and injured party. It appears from the finding that "there was no evidence introduced showing the *annual income* of the party belonging to defendant." The court found that he had property worth about $1100. The court gave plaintiff the custody of her child and allowed her $150 for her support for one year, payable in quarterly instalments; and further ordered that, if defendant should fail to pay such allowances when due, the clerk of the court should, upon application of plaintiff, issue an execution against his lands, goods and effects.

*A. H. Vories*, for plaintiff in error.

I. The finding is defective and insufficient. There is nothing said as to the plaintiff being the innocent and injured party. There was no evidence before the court as to the income of defendant. How then could the court fix any amount as alimony? The court could not make an order authorizing the clerk to issue execution in vacation on the application of the plaintiff. Admitting the decree of divorce to be good, the order with respect to alimony is erroneous.

*Loan*, for defendant in error, cited 4 Johns. Ch. 796; Pratt v. Pratt, 9 How. 37.

SCOTT, Judge, delivered the opinion of the court.

There is nothing in the objection to the decree that the court failed to find the plaintiff to be the injured and innocent party, as the statute only makes that necessary when the proceeding is *ex parte*. As both parties appeared to the suit, the provision of the statute to which reference has been made is not applicable.

We do not see the point of the objection to that part of the decree allowing alimony. All that portion of the decree which relates to the subject of alimony, is subject to the future control of the court. In the allowance of alimony the court is not restricted to the income of the husband. There is nothing in the law which restricts the allowance of alimony to a portion of the husband's income. Such a principle, in many instances, would deprive the wife of alimony. When there is an income it may furnish a guide to the discretion in ascertaining the amount of alimony to be allowed to the wife.

As to the authority granted to the clerk to issue execution for the instalments as they become due, we see no objection to it, as the instalments are payable quarterly, and the court sits but semi-annually. We do not see how otherwise the payment of the alimony could be enforced. It is in the

power of the party to avoid all inconvenience by prompt payment of the instalments as they become due. Moreover, the court can control its process. If it should not be in session, yet, under the general execution law, the judge in vacation may control an execution irregularly or improperly issued. The court also may make such alterations in the decree relating to alimony as may be proper. If, in the execution of the order touching alimony, any thing harsh or oppressive to the husband occurs, the court has authority and it would be its duty to remove the cause of it by an amendment of the order. The other judges concurring, the judgment will be affirmed.