# IN RE MYRTLE KOHL.

Kansas City Court of Appeals, January 8, 1900.

Habeas Corpus: JURISDICTION: DIVORCE PROCEEDING: CUSTODY OF CHILD. A court granting a divorce has a continuing jurisdiction over the custody of the children of the parties subject to be invoked at any time and other courts will not interfere by writ of habeas corpus.

In re Kohl.

## Original Habeas Corpus.

WRIT DENIED.

*Blake L. Woodson* and *F. E. J. Warrick* for appellant.

(1) The court had jurisdiction in *habeas corpus*. Constitution of the state of Missouri, sec. 12, art. 6; Act of March, 1883, sec. 4; Session Laws 1885, p. 215; R. S. 1889, chap. 78, sec. 5346. In court of record. In re McDonald, 19 Mo. App. 390; R. S. 1889, chap. 78, sec. 5415, as to the custody of children. (2) The action of any former court does not and can not be reviewed by this court. In re Laura Doyle, 16 Mo. App. 159. (3) A father can not irrevocably divest himself of his right and duty to have the custody and charge of his child. In re Scarritt, 76 Mo. 565. (5) A party refused a discharge on one *habeas corpus*, may pursue his remedy by this writ on subsequent applications until perhaps he has exhausted the entire judiciary powers of the state. Howe v. State, 9 Mo. 690; In re Gladys Morgan, 117 Mo. 249. (5) Even if new facts and circumstances are shown, a second application may be granted. People v. Memeim, 3 Hill (N. Y.), 399; Weir v. Marley, 99 Mo. 494. (6) The father is the proper guardian of his child, and as such is entitled to the custody of its person unless he is shown to be for some reason unfit or incompetent to take charge of the child. In re Scarritt, 76 Mo. 565; Weir v. Marley, 99 Mo. 484.

*Ralph S. Latshaw* for respondent.

(1) The judgment of the circuit court of Linn county, in so far as the same touches the care, custody and maintenance of the child, Myrtle Kohl, is subject to review only in said court, and said circuit court has exclusive jurisdiction to adjudge the guardianship of the child; and if the welfare

of the child requires the immediate intervention of a court on its behalf, resort ought to be had in the first instance to said circuit court. R. S. 1889, sec. 4511; In re Delano, 37 Mo. App. 185; Williams v. Williams, 13 Ind. 523; In re Laura Doyle, 16 Mo. App. 159; In re Gladys Morgan, 117 Mo. 249. (2) By virtue of the decree of the circuit court of Linn county, Missouri, the child, Myrtle Kohl, became the ward of said court, and said court having acquired jurisdiction over the parties and subject-matter involved in this proceeding, other courts will not interfere by the writ of *habeas corpus*, but the parties will be remitted to the court in which the divorce is pending for directions as to the custody of the child. Church on Habeas Corpus, sec. 265; 2 Bishop on Mar., Div. & Sep., sec. 1184; In re Gladys Morgan, 117 Mo. 249; In re Delano, 37 Mo. App. 185.

GILL, J.—The subject-matter of this controversy is the custody of a little girl less than four years of age and who is the only child resulting from the marriage of Peter and Kate Kohl. In February, 1899, the latter procured in the circuit court of Linn county, Missouri, a decree of divorce from said Peter Kohl, and the court at the time awarded the care, custody and control of the infant to said Kate Kohl. When this writ was sued out by Peter Kohl, the child was in the immediate possession of Mr. and Mrs. Rauer, of Linn county, who are the parents of Mrs. Kate Kohl. These old people claim to have charge of the little girl for and on account of their daughter, and the child's mother, who, it seems, was at the time working elsewhere as a domestic. The whole controversy is, whether the child shall remain under the practical custody and control of its mother, Kate Kohl, or whether it should be taken from her and given to the petitioner, Peter Kohl, who now lives with his parents at Armourdale, Kansas.

At the threshold of the proceeding, Kate Kohl, the real

respondent, enters an objection in the nature of a plea to the jurisdiction of this court. It is in effect claimed, that since in the divorce proceeding heretofore prosecuted to judgment in Linn county, she, the respondent, was awarded the care and custody of the child and that as said decree has never been in any way modified, the petitioner should be required to apply to that court and can not be heard to complain here.

After a careful consideration of the question we conclude the respondent mother to be right in this contention. In so far as the custody of little Myrtle is concerned, the decree of the Linn circuit court is subject, on a proper application and showing, to be changed and modified. As that judgment now stands, the mother, Kate Kohl, is entitled to the care and custody of the infant. If there has been such a change in the circumstances or character of the parties that said custody should be changed from mother to father, the latter should there apply for a modification of said judg-- ment. On consideration of the statute and the authorities we find this to be the proper course. Our divorce statute (section 4505, Revised Statutes 1889), provides that, "when a divorce shall be adjudged, the court shall make such order touching the alimony and maintenance of the wife, and the care, custody and maintenance of the children, or any of them, as, from the circumstances of the parties and the nature of the case shall be reasonable." And further, under section 4511, while review of the judgment for divorce is, in general terms, prohibited, it is yet provided that, "there may be a review of any order or judgment touching the alimony and maintenance of the wife, and the care, custody and maintenance of the children, or any of them, as in other cases." It will be seen therefore that jurisdiction remains with the Linn circuit court—even after final judgment—to change or modify, for cause shown, its order relating to the custody of the infant child. That court may, on the application

of either party, hear such a complaint as this and then, if deemed advisable, proceed to modify or change the original order relating to the custody of the child. In so far as concerns that matter, there remains in the Linn court a continuing jurisdiction over the parties and subject-matter. And this being so, the authorities agree that it would not be proper for this court to interfere, but rather remand the parties to the Linn circuit court. In re Gladys Morgan, 117 Mo. 249; In re Delano, 37 Mo. App. 185; Williams v. Williams, 13 Ind. 523; Hoffman v. Hoffman, 15 Ohio St. 427; Sherwood v. Sherwood, 56 Iowa, 608; Dubois v. Johnson, 96 Ind. 6; 2 Bishop on Mar., Div. & Sep., secs. 1184, 1187, 869; Church on Habeas Corpus, sec. 265.

The case of Gladys Morgan, *supra*, though different in one respect—in that the divorce was still pending—is yet in point. That was a proceeding by *habeas corpus* in the supreme court to get possession of a child—the suit for divorce then pending in a circuit court. The supreme court refused to entertain the application, and intimates that the same rule would apply even where the application is made after final judgment of divorce. In the opinion it was said: "The general rule is that, where one court has acquired jurisdiction over the parties and subject-matter of the suit, other courts will not interfere by the writ of *habeas corpus* while the suit is pending and undetermined. If a court having jurisdiction of the parties in a divorce suit has the further power to award the custody of children to the party entitled thereto, the question as to such custody will not be adjudged on a writ of *habeas corpus* by another court, but the parties will be remitted to the court in which the divorce suit is pending," etc. The principle announced in the case just quoted from is applicable here. Though the divorce suit of Kohl v. Kohl was, in its main feature, finally disposed of by a judgment entered by the Linn circuit court, in February, 1899, yet in so far as concerns the custody of the infant

Myrtle, the cause remains open for further orders or changes. The statute before quoted has kept the case alive for that purpose and the cause remains in court with full jurisdiction in the trial court, on proper application, to change and modify its judgment and order relating to the custody of the child. As was said in Hoffman v. Hoffman, *supra*, the courts "regard the jurisdiction conferred by the statutes on the courts granting divorces, in respect to the care and custody of the children of the parties, as being in its nature a continuing jurisdiction over the subject-matter, and subject to be invoked at any time on proper application, whenever the circumstances of the case may require it."

Holding then, as we do, that this court ought not to take jurisdiction or determine the rightful custody of this child the writ will be denied and the infant Myrtle Kohl will be remanded to the keeping of the respondent mother. The other judges concur.