THE STATE ex rel. M. N. WHELCHEL et al., Appellants, v. W. C. CLAXTON et al.

**Division Two, February 23, 1915.**

**SCHOOL DISTRICT: Lapse: Failure to Provide Eight Months' School: Quo Warranto.** To provide for an eight months' school under Sec. 10776, R. S. 1909, is not merely to levy and collect the necessary money but also to hire a teacher, provide a school house, etc., for an eight months' term, and where only the first of these steps is taken, the school district, by force of the same section, shall be deemed to have lapsed as a corporate body, its territory shall be deemed and taken as unorganized, and its directors will be ousted in a proceeding in the nature of *quo warranto* brought at the relation of resident tax-paying citizens of the district.

Appeal from Wright Circuit Court.—*Hon. C. H. Skinker,* Judge.

REVERSED AND REMANDED (*with directions*).

*E. B. Garner* for appellant; *Lamar, Lamar & Lamar* and *E. H. Farnsworth* of counsel.

*Perry T. Allen* for respondents.

WILLIAMS, C.—This is a proceeding in the nature of a *quo warranto* instituted by the prosecuting attorney of Wright county, Missouri, in the name of the State at the relation of M. N. Whelchel et al., to oust the defendants from exercising the functions of

school directors of School District number 63 of said county. Trial was had in the circuit court of Wright county, resulting in a judgment for the defendants. Thereupon an appeal was duly perfected to this court.

The case was tried upon an agreed statement of facts. From the stipulated facts it appears that relators are resident tax-paying citizens of School District number 63 in Wright county, Missouri, and that, on December 2, 1912, the time of the institution of the suit, the defendants were performing the offices of school directors of said school district.

It further appears that for the school year beginning July 1, 1911, and ending June 30, 1912, a levy of forty cents on the hundred dollars' valuation was made, which, together with public funds and cash on hand, provided sufficient funds to enable said district to have eight months' school in said school year, but that only five months' school was had in said district during said year. It was further admitted that the failure to have said eight months' school in said year did not result from irregularity or void proceedings had for that purpose.

It is contended by appellant that under the facts shown, the failure of said school district to have eight months' school in the school year beginning July 1, 1911, caused said district to lapse "as a corporate body, and the territory theretofore embraced within such lapsed district" to become "as unorganized territory," etc., under the provisions of section 10776, Revised Statute 1909. And further, that since said school district had lapsed as a corporate body, the respondents were unlawfully attempting to exercise the functions of school directors, and that the court erred in failing to enter judgment of ouster against said respondents.

The decision of the case involves the construction of said section 10776. That section provides that, "Whenever any school district in this State . . .

shall fail or refuse, for the period of one year, to provide for an eight months' school in such year, provided a levy of forty cents on the one hundred dollars' valuation, together with the public funds and cash on hand, will enable them to have so long a term, the same shall be deemed to have lapsed as a corporate body, and the territory theretofore embraced within such lapsed district shall be deemed and taken as unorganized territory, etc.

What does the clause "provide for an eight months' school," as used in said statute, mean? That is the main question lodged in this appeal. If it is merely to provide the money necessary to pay the expenses of an eight months' school by making the levy of forty cents on the hundred dollars' valuation, then the school district did not lapse, because in the present instance such a levy was made and the necessary money thereby provided. If, on the other hand, it means that the school district must not only take the required steps to provide the revenue but must also take such other action as shall provide a teacher, schoolhouse and fuel for the eight months, then the school district in the present case became lapsed because only five months' school was provided or had during the year in question. We have not been favored with a brief by respondents and are therefore at a loss to know the grounds urged by them in justification of the trial court's ruling. But it does appear from the record, by the court's action in refusing the appellant's declaration of law, that the learned trial judge was of the opinion that the clause above quoted only meant that the school district should provide the required funds. We are unable to agree with that construction. It will not do to say that an eight months' school has been provided for when only the money necessary to pay the cost of the school has been levied and collected. That is only one step in the right direction.

The other steps are the providing or supplying of a teacher and a necessary and suitable schoolhouse and incidental equipment during the entire eight months' school. The clear intendment of the statute is to compel, under penalty of losing its corporate existence, every such school district to have an eight months' term of school whenever the revenue prescribed, together with the funds on hand, will pay the necessary expenses of such a term, unless such district is saved or excused by reason of one of the provisos or exceptions mentioned in the statute. None of the exceptions mentioned in the provisos of said statute exist in the case at bar. The State would certainly have little interest in requiring that revenue necessary for an eight months' term be levied and raised unless the money so raised was also required to be used in supplying the required eight months' term. If the clause read, "provide *the necessary funds* for an eight months' school," instead of the clause which is used, to-wit, "provide for *an eight months'* school," then there might be ground for the construction evidently given to the section by the trial court. But since the clause requires that the district "provide for *an eight months' school,*" we are unable to see how the statute can be said to have been complied with, under the facts in the present case, unless an eight months' school is actually had.

It therefore follows that, for the reasons stated above, said school district "lapsed as a corporate body" and that thereupon the respondents lost their official powers as such school directors and should have been ousted from further acting in such official capacities.

The judgment is reversed and the cause remanded, with directions to the said circuit court to enter up judgment of ouster against said respondents. *Roy, C.,* concurs.

PER CURIAM.—The foregoing opinion of WIL-
LIAMS, C., is adopted as the opinion of the court.  All
the judges concur.