ELSIE KERSHNER, Respondent, v. LOUIS KERSH-
NER, Appellant.

Kansas City Court of Appeals, December 1, 1919.

1. **HUSBAND AND WIFE: Contract: Divorce: Custody of Children: Support From Father.** Husband and wife who had three infant children, became estranged and entered into a written contract dividing their property for their life and providing that at the death of each the remainder should vest in the children. As part consideration for this, it was stipulated that she should

maintain the children until they became of age. Shortly after-wards she obtained a decree of divorce with custody of children and nothing said about their maintenance. In about eighteen months afterwards she and the children became in need of the necessities of life, and she filed a motion in the divorce case asking an allowance be made for the support of the children. An allowance was made. It was *held* to have been properly made.

2. **CHILDREN: Contract: Right to Support.** While husband and wife may contract with each other as though *sole*, yet she cannot, by contract with the husband, deprive the children of their right to support by the father.

Appeal from Bates Circuit Court,—*Hon. C. A. Calvird,* Judge.

AFFIRMED.

*C. A. Denton* for appellant.

*T. W. Silvers* for respondent.

ELLISON, P. J.—Plaintiff and defendant were husband and wife. There relations became strained and unhappy and they separated, leaving her with three minor children, two little girls and one boy 17 years old. Shortly before separating they entered into written contract "for the purpose of adjusting and settling all questions as to rights of property, both real and personal, all marital rights, personal obligations, and marital obligations as husband and wife," whereby he conveyed to plaintiff sixty (60) acres of land for her life, the remainder to the three children, and she released her dower to defendant in 100 acres of real estate, "during his life, remainder in fee to the children." It was further provided in said agreement that defendant was to pay her $200 in money and release to her certain peronal property in consideration of release of her dower, or right of inheritance or other interest in his other property if he should die first. It was further agreed that plaintiff released defendant from all obligation to support and maintain her . . . or any claim for alimony under

any legal proceeding. And as a further consideration she (plaintiff) agrees to keep, maintain and care for their said children until they arrive at the age of maturity.

A few months after the execution of this contract, plaintiff instituted an action for divorce from defendant and was granted a decree in which she was given the custody of the children and in which it was recited, "that the plaintiff and defendant have had a property settlement, so that neither can hereafter claim an interest in the property of the other, or any right to support or maintenance from the other or right growing out of the marital relations, except as is covered by the property settlement."

After the lapse of about eighteen months to-wit, on the 14th of April, 1919, plaintiff filed a motion in the divorce cause asking an allowance against defendant for support of the children, reciting that she had been granted a divorce with the care and custody of the children and that their property rights had been adjusted between them. It was then stated in such motion as cause for the application that she was without the means of support for the children, and that defendant had abundant money and property with which he could provide for their support and comfort. The motion closed as follows; "she prays the court to make an order on the defendant to pay to her, *for the use and benefit of the aforesaid children* a reasonable monthly amount for the year 1919 and until further orders of the court." (Italics ours.)

A trial was had both parties appearing, and the court granted the motion allowing to plaintiff $40 per month for the support of the two girls and nothing for the boy then about 17 years of age. The evidence showed, and the court found, that defendant was receiving a salary of $150 per month and that he was also possessed of ample funds with which to support himself and these children and that he had no one dependent upon him.

This finding as to defendant's financial situation was well justified by the evidence. As to the condition of plaintiff and the two girls, the evidence showed them to be reduced to bare necessities of life. They were illy clad and but for aid extended by relatives, would have been in a condition of want and suffering. It is true that on defendant's part there was evidence tending to show that he had, at times, come to their assistance, but not in keeping with what they should have, nor with his ability to supply.

The ground of defense to the motion is based on the contract of settlement with plaintiff wherein she was to have the children; and also the confirmation thereof in the decree of divorce. It is claimed that this contract of settlement is binding under the terms of section 8304, Revised Statutes 1909, and that the Supreme Court has declared that the wife "is to be deemed a *feme sole*, even as to her husband with whom she may deal at arm's length as with a stranger." [Mueller v. Becker, 263 Mo. 165.] He concedes that by force of section 2375, Revised Statutes 1909, the circuit court after a decree has been granted, may alter the decree as to maintenance of children. But he meets this with the contract whereby "neither party can hereafter claim any interest in the property of the other; or any right to support and maintenance, or any other right growing out of the marital relation except such as is covered by the property settlement."

Now it seems to us that no part of this defense meets the case presented. While this proceeding is in the name of the wife, it is not in her behalf. No property rights as between her and defendant are involved. It is, in reality, in the interest of the children for whom she speaks as their custodian. It is the primary duty of the father to support the children, and where a decree of divorce does no more than award the custody and care of them to the mother, that duty is not absolved. [Robinson v. Robinson, 268 Mo. 703; Keller v. St. Louis, 152 Mo. 595.] The decree in this case awards

the custody of the children to the mother, but does not devolve upon her the duty to maintain them.

Defendant, however, again goes back to the contract between him and plaintiff in which appears the following stipulation, viz, "as a further consideration she agrees to keep, maintain and care for said children, heretofore named until they arrive at the age of maturity." It will be seen that this is no more than plaintiff's personal agreement; and as such, it cannot be allowed to dispose of the right of the children for subsistence from the father. Infant children, in want, cannot be put off by the father by the claim that he contracted with another for their support, and that that other has breached the contract. This is aptly illustrated in Wier v. Marley, 99 Mo. 484, 495, 496, and Ex Parte Scarritt, 76 Mo. 565. Those cases have recently been approved in State ex rel. v. Ellison, 271 Mo. 416.

Defendant dwells on the right of contract between husband and wife as sanctioned by our statute and cites O'Day v. Meadows, 194 Mo. 588, validating a marriage settlement. But we repeat, that children, in wedlock, are born with rights of their own to support from the father, and when they are in need of the necessities of life, they may call upon him through the proper channel, to perform that duty.

In our opinion the learned trial court took the right view of the case and the judgment will be affirmed. All concur.