LEE McELVAIN, RESPONDENT, v. CLYDE McELVAIN, ET AL., APPELLANTS.*

In the Springfield Court of Appeals. June 9, 1927.

136

*Corpus Juris-Cyc. References: Appeal and Error, 3CJ, p. 1362, n. 71; Divorce, 19CJ, p. 25, n. 23; p. 309, n. 45; p. 356, n. 32; p. 357, n. 44; p. 359, n. 67, 77, 82 New, 83; p. 360, n. 91.

*Von Mayes* and *Gossom & Gossom* for appellants.

138

*Ward & Reeves* and *Shepard & Hawkins* for respondent.

BAILEY, J.—Plaintiff was granted a decree of divorce from defendant, Clyde McElvain, on the 11th day of August, 1924, and given the custody of the two minor children, but no order was made relative to their maintenance. Thereafter, on the 4th day of August, 1925, plaintiff filed her supplemental motion setting up among other things that defendant has, since the granting of the divorce, become a legatee in his father's will, by the terms of which he is to be paid $250 every three months by the Citizens Trust Company, Executor under the will, and, in addition, one-fourth the rents from certain farm lands. The motion contains a prayer that plaintiff be allowed $50 per month for maintaining and caring for said minor children, to be paid at such times as the money is to be paid to defendant by the Citizens Trust Company under the terms of the Will of defendant's father and that said Citizens Trust Company be ordered to make no further payment unto defendant until further order of the court. Thereupon the court made an order which, after reciting all the facts set up in the motion, directed that defendant Clyde McElvain be duly notified of the proceedings and that he appear at the next term of said court and likewise ordered the Citizens Trust Company to make no further payments to defendant, as prayed in said supplemental motion. Defendant then applied to this court for a writ of prohibition against the Hon. Henry C. Riley, Judge of the Pemiscot County Circuit Court, which was duly issued; thereafter an opinion was rendered by this court directing the circuit court to order the Citizens Trust Company into court to show cause why the order theretofore issued by the circuit court restraining it from paying out any moneys to defendant, as aforesaid, should not be made permanent, all of which more fully appears in the report of the case of State ex rel. v. Riley, 276 S. W. 881. Thereafter the Citizens Trust Company, after being notified to appear, entered its appearance and filed a return. Defendant filed his motion to dismiss the restraining order which motion was by the court overruled and exceptions were saved. Thereafter, on the 7th of December, 1925, Margaret McElvain, mother of defendant, filed her motion to be made a party defendant, which was sustained. She thereupon filed an answer claiming the legacy of defendant Clyde McElvain under and by virtue of an assignment. Defendant Clyde McElvain also filed an answer setting up as a defense that plaintiff and defendant, at the time the divorce was granted, had made a property settlement by the terms of which plaintiff agreed to release defendant from all liability for the future support and maintenance of said children. The whole matter came before the court

for trial and a finding and decree was rendered April 23, 1926. By this decree the trial court found all the issues in favor of plaintiff and against Margaret McElvain on her claim to the funds going to Clyde T. McElvain and further modified the original decree of divorce so that plaintiff have and recover of and from defendant Clyde T. McElvain for the support and maintenance of their two minor children, Clyde McElvain, Jr., and Herbert Raymond McElvain, the sum of $40 per month beginning at the date of the filing of the motion to modify. The decree then continues as follows:

"It is further ordered, adjudged and decreed by the court that the Citizens Trust Company pay to plaintiff Lee McElvain, as support and maintenance for said minors the full sum of $40 per month from the 1st day of August, 1925, up to the date of the first payment under this order, in one sum, being the amount that has accumulated since the filing of the supplemental motion herein, and that it pay to the said Lee McElvain, for support and maintenance of said minors, $40 per month, which said amount shall be paid quarterly and at the times provided in the will of J. M. McElvain for payments to be made to Clyde T. McElvain, said payments to be made each quarter following thereafter until further ordered by this court, unless said sums be paid by the said Clyde T. McElvain; that the amount so paid to plaintiff Lee McElvain as support and maintenance for said minors be deducted from the amount due to be paid to Clyde T. McElvain by said Citizens Trust Company, as Executor of the estate of J. M. McElvain, deceased, and going to said Clyde T. McElvain out of the proceeds of said estate by and through the provisions of said Will."

From this judgment defendants have appealed.

Numerous errors are assigned, many of which, are in such general terms as to require a reading of the printed argument of counsel before the point relied on for reversal can be determined. The language used in the assignment of errors is in many respects similar to that frequently employed in motions for new trial, it embraces everything. Counsel should endeavor to "distinctly and separately" allege the errors as provided by our rule 18. We shall consider such errors assigned as are decisive of the case.

The first assignment, logically in order, relates to the sufficiency of the supplemental motion seeking a modification of the original divorce decree in respect to the maintenance of the minor children. It is urged that, since no where in the motion is anything stated concerning the modification of the judgment, the decree modifying the original judgment is void because not within the scope of the pleading. The so-called "supplemental motion" recites the facts relative to the divorce decree and that it was granted by the court in which the motion was filed; that the property rights of plaintiff and defendant were settled; that the custody of the children

was granted to plaintiff but no provision made in the divorce proceedings for their maintenance; that defendant has become possessed of an income of over $2000 per year; that defendant has been "hoboing" from State to State; that plaintiff has no property. Then follows a prayer that the court order defendant to pay plaintiff a sum "equaling $50 per month to be used by plaintiff in maintaining and caring for said minor children, etc." It is true, as contended by appellants, that the motion does not, in so many words, ask that the original decree be modified. But the motion is capable of no other interpretation. It consists simply of a statement referring in apt terms to the prior proceedings in the divorce, setting out particularly the fact that no provision was made for the minor children and seeks relief in that respect. A decree awarding maintenance for the children would necessarily result in a modification or change in the original decree wherein custody of the children was granted to plaintiff. Defendant could not possibly have been misled and his answer, setting up as a defense the fact that a settlement was had at the time of the divorce proceedings, so indicates. We are cited to no authority which would justify a holding that this pleading is insufficient to justify a modification of the original divorce decree. This motion and defendant's answer are quite similar to the motion and answer in the case of Kershner v. Kershner, 216 S. W. 547, 202 Mo. App. 238, wherein a judgment for maintenance for the children was affirmed. We therefore hold the motion was a proper one upon which to base a decree modifying the original judgment.

It is charged that, since the preponderance of the evidence showed an agreement between plaintiff and defendant entered into at the time of the divorce whereby certain property was deeded to the children and accepted by plaintiff as satisfactory for the support of the children, that plaintiff is barred from maintaining any proceedings in her own name against the defendant for the support of their children. In support of this contention we are cited to the case of LaRue v. Kempf, 186 Mo. App. 57, 171 S. W. 588. In that case the wife sued her divorced husband for necessaries furnished their minor children over a ten-year period. It was held that if the wife at the time of the divorce accepted a certain sum of money as a full and satisfactory provision for the children, then she could not personally recover a judgment for their support and maintenance. But the LaRue case does not attempt to hold that such an agreement would be a bar to maintaining any subsequent action by the wife, seeking to modify the original divorce decree in order to provide for the future support of the minor children. Moreover, the Kansas City Court of Appeals, in Kershner v. Kershner, supra, had before it the identical question involved in this case and there ruled that an agreement between the wife and husband "cannot be allowed to dispose of the right of the children for subsistence from the father. Infant children, in

want, cannot be put off by the father by the claim that he contracted with another for their support.'' The Kershner case arose on a motion by the wife to modify the decree of divorce as here, and is strictly in point. The reasoning seems to us sound and the result reached eminently just in the light of the policy which makes the welfare of the children the guiding star to the courts in cases of this character. To the same effect is Robinson v. Robinson, 268 Mo. 1. c. 710, 186 S. W. 1032.

If this were a suit by the wife for moneys paid out in support of the children, we would have an entirely different situation and the agreement, if proven, would fall within the rule laid down in the LaRue case, supra. But these proceedings are primarily in the interest of the children, the wife being merely the agency through which they may obtain relief. We therefore rule, that even if the agreement referred to were established, it constituted no bar to a motion to modify the divorce decree as to future maintenance of the minor children.

It is charged that the allowance of forty dollars per month for the support of the two minor children is excessive. It appears that at the time of the divorce, by agreement, two houses and lots in Caruthersville, were deeded the children, the gross income from which amounts to $33 per month. There was proof, however, that upkeep, general taxes and special tax bills for paving against the property, left practically nothing for maintenance of the two minors. Defendant's annual income, under his father's will, amounts to $1000 in cash, payable quarterly, and in addition one-fourth the income from the remainder of the estate. The record is silent as to the amount which may be derived from the latter source, but it is charged in the motion that this will amount to a further sum of $1000 per year. However that may be, we do not consider $20 per month for each child at all excessive, even though defendant had no income from his father's estate whatever. From all that appears he is an able-bodied man and should be required to contribute a reasonable sum toward the maintenance of the children.

The question also arises as to the date from which maintenance allowed should commence. This court held in a similar case where an order was made against a father for support and maintenance of his children at a time subsequent to the divorce proceedings, that ''Such an order and provision relates, of course, to the support of the minor children subsequent to the making of such order'' (citing Robinson v. Robinson, 168 Mo. App. 639, 154 S. W. 162). We find no authority which would authorize a departure from that rule.

While it is conceded the trial court, under our statute, has jurisdiction to alter a divorce decree as to maintenance of the children, although the original decree was silent in regard thereto, defendants charge that the court erred in making any order upon the Citizens

Trust Company relative to funds in its hands as trustee or executor under the Will of defendant Clyde McElvain's father and also in continuing in force the restraining order made upon said Trust Company. This harks back to the previous opinion of this court in this same controversy (State ex rel. v. Riley, 276 S. W. 881) in which, on motion for rehearing, we held the trial court had a right to restrain the Citizens Trust Company from paying to defendant Clyde McElvain any funds coming into its hands under the Will of J. M. McElvain, (the deceased father of said defendant) until further ordered by the court.

Our courts have refrained from passing squarely on the power of our circuit court to issue an injunction or any other order which would keep matters *in status quo* until the rights of the parties could be determined in a divorce suit. The very fact, however, that it has never been done lends some force to the argument that the divorce court has no such power. It is apparent that our courts are handicapped in many particulars when it comes to enforcing its decrees or protecting the rights of children in cases of this character. While a father may be guilty of a criminal offense in abandoning his wife or children, at the same time he may escape with his property; the wife and children are compelled, it seems, to take their chances along with other judgment creditors in enforcing their legal demands by execution, which procedure too often fails to accomplish its purpose. Whether or not we were in error in our previous opinion, holding the court could issue an order restraining the Trust Company, as Trustee, from paying out funds belonging to defendant until the further order of the court, need not now be considered. It is clear to us that the trial court exceeded its jurisdiction in attempting, by its decree in this case, to sequester the specific funds of defendant Clyde McElvain in the hands of the trustee. A review of some of the authorities will demonstrate that such is the law.

A suit for divorce and all subsequent proceedings relative to the modification of the original decree, as recognized in this State, are purely statutory. [Robinson v. Robinson, 268 Mo. 703, 186 S. W. 1032.] In Chapman v. Chapman, 269 Mo. 663, 192 S. W. 448, a history of our divorce laws is given and it is there shown that while originally our statute conferred jurisdiction in such matters on the equity branch of our courts, under the law as it now exists the action is one at law. Our Supreme Court further holds in the Chapman case (1. c. 674) that, "the writ of sequestration cannot issue until after judgment for alimony is rendered. Prior to such judgment the plaintiff is not entitled to any lien nor to 'any lawful right, claim or demand to or against' the property described in the petition. The court is not authorized by the statute to make any order or decree with reference to any specific property. It can only render judgment for money as alimony." While in the Chapman case plaintiff at-

tempted to sequester property on constructive service, what is there said would unquestionably apply to a case in which there might be personal service. Our practice from an early day has been to treat a judgment for alimony or maintenance the same as any other judgment at law. [Schmidt v. Schmidt, 26 Mo. 235; Maag v. Williams, 92 Mo. App. 674.] Execution may issue on failure to pay a judgment for alimony or maintenance. [Sec. 1806, R. S. 1919.]

In State ex rel. v. Porterfield, 283 S. W. 59, the Kansas City Court of Appeals held that in an action for divorce and alimony instituted by the wife without service of any kind on the husband, the circuit court was without jurisdiction to make any order relative to property held by the entirety or any other property of the defendant. It was further held that, even if proper service were had, the court was without jurisdiction to enter a decree sequestering any property or property rights but could only enter a judgment for alimony which could be enforced by an execution, citing Watts v. Watts, 304 Mo. 361, 263 S. W. 421. In the latter case it was held the trial court in a divorce action had no authority permanently to enjoin the defendant from transferring his property. In that same case Judge WALKER wrote a supplemental opinion on the question of jurisdiction in which he stated that: ''Even if it be conceded that the continued presence, by name of separation, in the statute is not utterly meaningless under modern methods of procedure, it cannot, as is here attempted, be made a part of a decree, but can be resorted to, as the section prescribes, as an alternative to an execution, 'to enforce the performance of the judgment or order of the court.' ''

It was likewise held in Aylor v. Aylor, 186 S. W. 1068, l. c. 1071, that ''there is no authority in this State for decreeing to the wife specific personal property of the husband as a part or all of her alimony.'' If there is not such authority in the court to decree specific property to the wife as part of her alimony allowed in the original divorce proceedings, then, for the same reasons, the court has no authority to decree that specific property or the income therefrom shall be used in payment of the monthly allowance to minor children made in a subsequent proceeding to modify the decree. Both propositions fall under the same statute and a like remedy to enforce the decree must be resorted to.

The trial court, in the case at bar, had authority to modify the original divorce decree and award a monthly allowance to the children, payable at such times as might seem proper, but such decree was beyond the jurisdiction of the court in so far as it attempted to decree that the Citizens Trust Company, as Executor of the Will of J. M. McElvain, deceased, pay to plaintiff, any funds going to Clyde T. McElvain. Furthermore, the court had no jurisdiction to decide the rights of defendant Margaret McElvain as assignee of defendant Clyde T. McElvain. It is unnecessary to go into that question further

146

than to say it is self evident that, if the court had no jurisdiction over the property, it could have no authority to decide the respective rights of the parties in relation thereto.

The question of the Will having created a spend-thrift trust, which under our law is unassignable, is, for the same reason, not before us. Those matters will no doubt be threshed out if plaintiff attempts to enforce the decree rendered herein by execution.

It follows that the judgment herein should be affirmed in so far as it modifies the divorce decree granting $40 per month for maintenance of the minor children but should be modified so that such maintenance commerce as of the date of the order granting same. The judgment in all other respects should be reversed. It is so ordered.

*Cox, P. J.,* and *Bradley, J.,* concur.