LILLIE ETHEL THORNTON, APPELLANT, v. JOHN OLIVER THORNTON, RESPONDENT.*

Kansas City Court of Appeals.   November 7, 1927.

*Corpus Juris-Cyc References: Divorce, 19CJ, p. 348, n. 95; p. 349, n. 22; p. 352, n. 55; p. 355, n. 2; p. 356, n. 18; p. 359, n. 77, 82 New.

*John C. Stearnes, Thomas D. Williams* and *J. G. Hutchinson* for appellant.

*Robison & Robison* for respondent.

FRANK, C.—This suit was instituted in the circuit court of De-Kalb county on December 17, 1926, by appellant, the divorced wife of respondent, to recover money expended by her for the support and maintenance of three of their minor children from October 16, 1919, to November 16, 1926.

The petition alleges:

"1. Plaintiff states that she is a bona-fide citizen and resident of Kansas City, Jackson county, Missouri; that she has resided in said city, county and State for several years last past.

"2. That the defendant is a citizen and resident of DeKalb county, Missouri, residing on a farm near the town of Clarksdale, in said county and State.

"3. That prior to the 16th day of October, 1919, plaintiff was the lawful wife of the defendant John Oliver Thornton, and resided in said DeKalb county, Missouri.

"4. That there was born to plaintiff and defendant, as the fruits of said marriage, five children and their respective names and ages, on the said 16th day of October, 1919, are as follows:

"Paul G., age twelve (12) years; Silas R , age nine (9) years; Dorotha J., age six (6) years; Delma Lee, age three (3) years; and Amelia May, age nine (9) months.

"5. That on said 16th day of October, 1919, and in the said circuit court of DeKalb county, Missouri, and in the case entitled John O. Thornton, as plaintiff and Lillie E. Thornton, as defendant, there was a decree of divorce granted in favor of the defendant in this cause, and against the plaintiff herein (a copy of which decree is hereto attached and made a part hereof for easy reference).

"6. That among other things in said decree the court finds as follows:

"The court further finds, that it is for the best welfare of the children that the plaintiff have the sole care and custody of Paul G., and Silas R., and the defendant have the sole care and custody of the other children named as aforesaid, meaning Dorotha J. of the age six years, Delma Lee of the age three years and Amelia May, of the age of nine months.

"7. That said decree while granting the care and custody of said last-named infant children to this plaintiff, the Honorable Judge of said court granting said decree of divorce, and a decree as to the care and custody of the infant children born of said marriage, did not make any provision whatsoever for the ways and means for the support of the infant children awarded to this plaintiff, as provided by section 1806, chapter 13, article 3, of the Revised Statutes of Missouri 1919, and left the defendant herein primarily liable therefor as at the common law.

"8. That the said infant children awarded to this plaintiff as aforesaid are still living and with this plaintiff at Kansas City, Missouri.

"9. That this plaintiff, out of her own personal earnings since the date of the divorce aforesaid, has provided for the entire support of her said infant children, board, room, clothes, medical at-

tendance, surgical operations, school expenses, musical lessons, amusements, and each and every expense attending the proper rearing of said infant children in a good and substantial way; and that said children are now in good health, due to the proper care and attention of this plaintiff herein.''

The petition further alleges that respondent during all of the time since the granting of said divorce was possessed of 120 acres of valuable farm lands in DeKalb county of the reasonable value of $150 to $200 per acre and that said farm land was stocked with live stock and farm machinery of the reasonable value of from five to ten thousand dollars; that since the granting of said divorce respondent has contributed nothing to the support and maintenance of said minor children. The petition further alleges that the fair and reasonable charge for keeping, maintaining and supporting said minor children is $6375 and prays for personal judgment against respondent in that sum.

Respondent demurred to the petition on the grounds; (1) that plaintiff's petition does not state sufficient facts to constitute a cause of action against this defendant; (2) that it appears from said petition that this plaintiff has no right to maintain this action against this defendant; (3) that plaintiff has no right to institute and maintain a separate action against this defendant for the support of the minor children mentioned and described in plaintiff's petition and no right to bring an independent action against this defendant for the support and maintenance of the children mentioned and described in plaintiff's petition; (4) that this court has no jurisdiction over this defendant and the subject-matter of plaintiff's cause of action in the suit filed herein by the plaintiff.

The demurrer was sustained and appellant refusing to further plead, judgment was rendered against her. Hence this appeal.

Respondent contends that a divorced wife who has been awarded the custody of her minor children with no allowance or provision made for their support and maintenance cannot recover in a common-law action against the divorced husband for expense incurred in the support and maintenance of such minor children, but whatever rights she may have can only be obtained in a proceeding to modify or reopen the divorce decree.

Appellant contends that she is entitled to maintain a common-law action as attempted in this case.

The proper determination of this question necessitates the construction of sections 1806 and 1812, Revised Statutes of Missouri 1919. The pertinent parts of said sections are as follows:

''Sec. 1806. When a divorce shall be adjudged the court shall make such orders touching the . . . care, custody and maintenance of the children as from the circumstances of the parties and

the nature of the case shall be reasonable. . . . The court on the application of either party may make such alterations from time to time, as to the allowance of alimony and maintenance, as may be proper." . . .

"Sec. 1812. There may be a review of any order or judgment touching the . . . care, custody and maintenance of the children, or any of them, as in other cases."

These statutes clothe the court adjudging a divorce with jurisdiction to make provision for the care, custody and maintenance of minor children of the divorced pair, and to alter such provisions from time to time thereafter. In the instant case the decree of divorce made no reference to the maintenance of the minor children but it did award their custody to the mother and under the terms of the statute, the court granting the decree may review or alter such award at any time during the minority of such children. It necessarily follows that such court retains jurisdiction of the case until such children reach their majority, otherwise the court would be powerless to review or alter its original order after the term at which it was made.

The purpose of the statute is to give the court awarding a divorce jurisdiction and power to protect the rights of minor children of the divorced pair. Keeping in mind the purpose of the statute and the rights of the minor children, which is the first concern of the court, it would be illogical to hold, in the instant case, that the court of DeKalb county has jurisdiction of the custody of the minor children but is powerless to make provision for their support and maintenance. Jurisdiction as to custody gives jurisdiction as to support and maintenance. [Robinson v. Robinson, 263 Mo. 703, 711.]

Having reached the conclusion that the circuit court of DeKalb county has jurisdiction of the custody and maintenance of the minor children in question, the next query is whether or not such jurisdiction is exclusive. The statute provides that there may be a review of any order or judgment touching the care, custody and maintenance of the children. This statute continues jurisdiction as to both custody and maintenance of the minor children in the DeKalb county circuit court. [Robinson v. Robinson, 263 Mo. 703, 711.]

Speaking of jurisdiction of minor children, this court in Meredith v. Krauthoff, 191 Mo. App. 149, 165, 166, said,

"By reason of the separation and divorce of the parents, the child became a ward of the court in which the decree of divorce was rendered. [Sec. 2370, R. S. 1909.] And jurisdiction to award the custody of such child vested in that court to the exclusion of all others. [In re Gladys Morgan, 117 Mo. 249.] Such jurisdiction is a continuing one, giving the court power to modify its decree as to

the custody of the child, from time to time, as circumstances change and new facts and conditions subsequently arise to make a modification necessary. [Phipps v. Phipps, 168 Mo. App. 697, l. c. 700; In re Kohl, 82 Mo. App. 442; Shannon v. Shannon, 97 Mo. App. 119.] To the same effect, In re Kohl, 82 Mo. App. 442.

The statute clothes the court with a continuing jurisdiction of the divorce case with power to modify the decree of divorce as to the custody or maintenance of children of the marriage on motion of either party. Such a motion is a continuation of the original action and not a new suit. [Laumeier v. Laumeier, 271 S. W. 481, 487 and cases cited.]

If a continuing exclusive jurisdiction of the custody of minor children of a divorced pair remains in the divorce court, and in the divorce case, we cannot escape the conclusion that there is also a continuing exclusive jurisdiction of the maintenance of such children in the same court and case because the court derives its jurisdiction as to both custody and maintenance from the same statute, and to use the language of WALKER, J., in Robinson v. Robinson, 263 Mo. 703, 711, "custody, in the statute is conjoined with maintenance."

Appellant cites Bennett v. Robinson, 180 Mo. App. 56, 165 S. W. 856; Rankin v. Rankin, 83 Mo. App. 335; Lukonski v. Lukonski, 108 Mo. App. 204, 85 S. W. 784, in support of her contention that a divorced wife may maintain a common-law action against her former husband to recover money expended by her in support of their minor children. It is true that in each of the cited cases, the court affirmed a judgment in favor of the divorced wife against her former husband in a common-law action, but in none of these cases was the statute cited, or its effect considered. In Laumeier v. Laumeier, 271 S. W. 481, 487, WHITE, J., speaking for the Supreme Court of this State en Banc, said,

"Thus we see that whenever the effect of our statute is taken into consideration, the courts of this State have held that the jurisdiction to make orders affecting the custody or maintenance of children of a divorced pair remains in the divorce court, and in this State an action will not lie in any other court. Under these rulings, if the plaintiff, Byrd Shoemaker, had brought suit against her former husband to recover for money expended in the maintenance of her minor child in this State, in any other county or in any other court than the circuit court of the city of St. Louis where the decree of divorce was rendered, we would have to hold that the court where she brought suit had no jurisdiction."

Appellant takes the position that the language of WHITE, J., last above quoted authorizes the maintenance of a common-law action

by the wife, if such action is brought in the court where the decree of divorce was rendered. We cannot agree with this contention.

Judge WHITE not only says in this opinion that, "the weight of authority is that the proper procedure in such a case is by petition or motion to modify the decree," but he quotes approvingly from cases which hold that such procedure is the only remedy open to a divorced wife.

The jurisdiction of the divorce court as to maintenance of minor children, is not a fresh jurisdiction that may be invoked by the wife in a common-law action but is the jurisdiction acquired by the court in the divorce case which is continued by force of the statute.

We have concluded that the demurrer to plaintiff's petition was properly sustained for the reason that appellant is not entitled to maintain an independent action against her former husband to recover for money expended in support of their minor children. Whatever rights she may have can only be obtained by proper procedure in the divorce case. Other points are raised, but the one already discussed disposes of the case. Judgment affirmed. *Williams, C.,* concurs.

PER CURIAM:—The foregoing opinion by FRANK, C., is hereby adopted as the opinion of the court. *Bland* and *Arnold, JJ.,* concur; *Trimble, P. J.,* absent.