# MARCH, 1937.

TINY LOCHRIE, APPELLANT, v. R. W. LOCHRIE, RESPONDENT.—108 S. W. (2d) 178.

Springfield Court of Appeals. August 2, 1937.

154

[redacted]

*E. F. Sharp* and *R. Jasper Smith* for appellant.

*Ward & Reeves* for respondent.

FULBRIGHT, J.—This action grew out of a divorce proceeding had in the circuit court of New Madrid county. On February 6, 1918, a divorce decree was granted Tiny Lochrie from her then husband, R. W. Lochie, in which decree it was provided that defendant R. W. Lochrie should pay $12 a month to plaintiff for the support and maintenance of Adele Lochrie, their minor child until she should arrive at her majority. February 3, 1923, this amount was raised to $20 a month. Still later, on January 18, 1928, defendant Lochrie being then behind a sum in excess of $296 in his payments, made a settlement with Tiny Lochrie whereby he paid her the sum of $500 taking from her a receipt in full payment and satisfaction of the judgment for maintenance, and under a power of attorney signed by Tiny Lochrie, the record of said judgment was satisfied. On May 28, 1934, a motion to set aside the said satisfaction of judgment was filed, which said motion was overruled by the court. Plaintiff appeals.

The motion stated that on February 6, 1918, a decree of divorce was granted Tiny Lochrie from R. W. Lochrie, and that the court further ordered in the decree of divorce that the plaintiff should have the custody of the infant daughter of the plaintiff and defendant, named Adele, and plaintiff was allowed by said decree $12 per month maintenance and support money for said minor until she should arrive at her maturity; that on February 3, 1923, upon a petition filed by plaintiff for that purpose the court modified the decree so as to allow the plaintiff $20 per month for the maintenance and support of said minor until she reached her maturity; that on January 18, 1928, defendant paid the plaintiff for the use and benefit of said minor the

sum of $500, which included $296 then delinquent, up to November 18, 1927, and that no further or other amounts were ever paid to the plaintiff. The motion further stated that the plaintiff and the defendant agreed between themselves without an order or approval of the court that in consideration of the payment of the said $500 it should be in full settlement and satisfaction of said order and judgment for maintenance and support for said child, and a satisfaction of the judgment was entered on the margin of the record of said judgment and decree purporting to acknowledge said payment in full satisfaction of said judgment. The motion stated ''that the plaintiff and defendant had no right or authority, by agreement among themselves, to settle and compromise said judgment, for the reason that said judgment was for the sole benefit of said Adele Lochrie, then a minor, and that said purported satisfaction was erroneous and made under the mistaken assumption that it would be valid and binding on said parties; that said settlement is without consideration, for the reason that defendant was, and continued to be, indebted to said Adele Lochrie, or to plaintiff for said Adele Lochrie's sole benefit, in a sum greatly exceeding the sum of $500 paid on said date, and that said purported satisfaction was the result of mistake as above set out.''

The motion also stated that Adele Lochrie married Frank L. Rossiter on September 17, 1932, at which time she was of the age of 18 years and 11 months, and that the amount to which the said Adele Lochrie was entitled on the basis of $20 per month up to September 17, 1932, after giving credit for the $500, was $960, which with interest thereon at 6%, amounted to $1,157.90 at the time the motion was filed to set aside the satisfaction of judgment. Plaintiff, Tiny Miller, formerly Tiny Lochrie, therefore prayed that the court make an order striking said purported satisfaction or settlement from the records of the court, and that the court order execution to issue for the alleged balance due by the defendant on the judgment in the divorce case.

No oral testimony was offered in support of the motion. Both decrees in the divorce case were offered in evidence, together with the entry of satisfaction of same by E. F. Sharp, attorney in fact, also the power of attorney of the plaintiff authorizing E. F. Sharp to make said satisfaction, and also the receipt of the plaintiff for $500, which recited that it was in full satisfaction of the judgment.

It was admitted on the trial of the motion that the plaintiff, who lived in California at the time of the filing of the motion herein, was married to one Miller, and that Adele Lochrie became of age on September 17, 1932; that she had married Frank L. Rossiter, and is still living with him as his wife. She and her husband also live in California. It was further admitted at the trial that at the time of the compromise settlement of the judgment, the defendant, in addition to the $500, also paid the plaintiff's attorney, E. F. Sharp, an attorney

fee of $25. It was also admitted that there was no fraud in the satisfaction of the judgment.

The abstract of the record, statement, brief and argument of plaintiff, appellant herein, are printed in very small type, contrary to the rules of this court. The rules are printed in all Appeal Reports and we very earnestly suggest that they should be respected and observed.

Several assignments of error are urged by plaintiff, all of which, taken together, are tantamount to an assignment that the trial court erred in overruling plaintiff's motion to set aside the release of the judgment.

It will be noted that on January 18, 1928, defendant paid the plaintiff, Tiny Lochrie, for the use and benefit of Adele Lochrie, their daughter, the sum of $500 which included approximately $300 then delinquent on the judgment, and approximately $200 for the future maintenance of said minor, and that it was agreed that upon such payment plaintiff would release the judgment heretofore rendered for maintaining said minor. Plaintiff was represented by counsel, E. F. Sharp, in effecting said settlement and compromise and to whom plaintiff executed power of attorney authorizing and empowering him to release the judgment; that under and by virtue of such authority the judgment was released.

Plaintiff has cited cases holding that a minor, after reaching its majority, could recover on notes given by the father in settlement for maintenance. These cases are all decided on a theory that is in no manner applicable to the case at bar. Numerous cases are cited by plaintiff in support of her various assignments but none of them is decisive of the legal propositions involved in this case. In fact, no cases have been cited, either by plaintiff or defendant, analogous to the case before us, and in our research we have been unable to find any. The cases cited in support of our conclusions are not directly in point, but we think are persuasive.

There can be no doubt that the satisfaction of the judgment was void as to the daughter, and a motion to set aside during minority or prior to her marriage would have been timely. No such motion was filed during the minority of said minor or prior to her marriage. Having been provided for and maintained during her minority, or until her marriage, she cannot now have any interest in the judgment, and having no interest she is in no position to maintain an action to set aside the release thereof. [Huke v. Huke, 44 Mo. App. 308; Worthington v. Worthington, 212 Mo. App. 216, 253 S. W. 443.] The presumption is, from the settlement made and the receipt given, that it was the understanding that Mrs. Lochrie, now Miller, was to maintain the said minor daughter in the future, and we think the reasonable inference is that she did so maintain said minor until she reached her maturity or majority, or until she married Frank L. Rossiter. The mother is the moving party in this cause and as it

appears from the record, is attempting to collect on the judgment. This she could do were it not for the fact she had, we think, a valid settlement with her husband which resulted in the release of the judgment. A release of the judgment by her attorney in fact armed with a solemn power of attorney might have been set aside during the minority of the daughter, but in view of the settlement cannot be assailed by plaintiff now. At the time the settlement was effected and the release was made, approximately $200 was paid to her for the future maintenance of the minor, in addition to the delinquent installments and a fee of $25 to her attorney. This constituted sufficient consideration for the release of the judgment so far as plaintiff in concerned. [Kelley v. Kelley, 290 S. W. 624.]

There was nothing unlawful about the contract entered into between the father and the mother which resulted in the release of the judgment, although it did not relieve the father of the responsibility of maintaining the daughter during minority. The contract is binding as between the parents; the mother is in no position now to collect an additional amount from the father to compensate her for maintaining the daughter during her minority, and the release of the judgment is binding upon the mother. [McElvain v. McElvain, 221 Mo. App. 135, 296 S. W. 460; Kershner v. Kershner, 202 Mo. App. 238, 216 S. W. 547.]

Adele Lochrie, now Rossiter, having reached her majority almost two years prior to the time plaintiff filed her motion herein, the court was without further jurisdiction touching the maintenance of said minor, and she can now have no legal cause of action respecting the failure of her father to pay her mother the amount as fixed by the court before settlement; nor can she have any legal interest in the satisfaction of judgment, or in the effort now made by the mother to have the satisfaction set aside. Should the release, to be ultra technical, be void, in the face of the record before us, who could profit by having it set aside? The satisfaction was authorized by plaintiff and there is no person now in a position to lawfully assail the release of said judgment. [Thornton v. Thornton, 221 Mo. App. 1199, 2 S. W. (2d) 821; Conrad v. Conrad, 296 S. W. 196; Kelly v. Kelly, 329 Mo. 992, 47 S. W. (2d) 762.]

The judgment of the trial court is therefore affirmed. *Allen, P. J.,* and *Smith, J.,* concur.