Argued March 3; reversed March 17, 1936

# HALLETT ex rel. STATE v. HALLETT

(55 P. (2d) 1143)

*Ira W. Carl*, of Portland, for appellant.

*W. L. McFarling*, of Portland, for respondent.

KELLY, J. This is one of the many vexatious cases wherein a decree of divorce is followed by differences and disputes as to the treatment and custody of a child and as to the continuing ability, or lack of it, on the part of the father to contribute, as originally ordered, to such child's support.

The decree of divorce in this case was entered on the 16th day of October, 1930. The decree gave the custody of the child to his mother, the plaintiff; and required the defendant to pay $40 a month to the plaintiff for the support and maintenance of their son. The boy was then seven years old.

On the 8th day of September, 1934, defendant filed a motion for a modification of said decree by granting the custody of said child to defendant and eliminating from the decree all provisions for payments by defendant to plaintiff, or, in the event such proposed modification should be denied, by modifying the provision requiring defendant to pay $40 per month to plaintiff by reducing the amount required to be paid to the sum of $20 per month.

Affidavits and counter-affidavits were presented upon this motion.

On December 18, 1934, plaintiff filed an affidavit reciting the failure of defendant to make payments to her as required in said decree; and on said December 18, 1934, the court made an order requiring defendant to appear on December 24, 1934, and show cause why he should not be deemed guilty of contempt.

On December 21, 1934, defendant filed an affidavit of prejudice and a motion for a change of judges wherein he claimed prejudice on the part of the trial

judge, who later made the order from which this appeal is taken. This motion was presented to the presiding judge at 9:30 a. m. of December 24, 1934. The presiding judge declined to hear any arguments on said motion and overruled the same.

On the 25th day of July, 1935, an order was entered, disallowing and overruling defendant's motion to modify said decree, and containing the following provisions:

"That said original decree should remain without modification, except that the monthly payments * * * shall be paid in cash to the Clerk of the above entitled Court on or before the 10th day of each and every month, beginning with the month of September, 1934. * * * That said * * * Hallett, minor child, will be left in the Neutral Home, where he is now, until his attitude toward both parents is what it should be (to be determined by the Court); then said * * * Hallett, minor child, shall be returned to his mother, Plaintiff herein until further order of this Court; until such time, all communications to said minor child, * * * Hallett, either directly or indirectly by either of the parties to this suit, or others inspired by them, will be denied. That any disobedience to this Order will be summarily dealt with as contempt of court.

  *  *  *  *  *

That said order was made on the —— day of December, 1934, but by inadvertence was not entered on said date, and it is hereby ordered that the same be entered nunc pro tunc."

On the 20th day of September, 1935, a notice of appeal by defendant from said last mentioned order was filed, service thereof upon plaintiff having been acknowledged and accepted.

On said 20th day of September, 1935, the trial court filed with the clerk of the circuit court an order

enjoining and restraining plaintiff from issuing or causing to be issued an execution upon the original decree herein, without and until further order of the court; and reserving decision on plaintiff's motion that defendant be punished for contempt.

On October 3, 1935, defendant's transcript on appeal was filed with the clerk of this court.

On the 18th day of October, 1935, the trial court filed with the clerk of the circuit court the following order: ˙

(Title omitted.)

"The motion of plaintiff for an order requiring defendant to pay $40.00 per month instead of $20.00 per month as he had been permitted to do for some time past, came on regularly for hearing on the 18th day of July, 1935, and upon hearing arguments and statement of counsel for and against said motion, the court took the same under advisement.

"Now, on this 17th day of October, 1935, being fully advised, the court finds that defendant should pay the sum of $40.00 per month to the Clerk of the above entitled Court for the support of * * * Hallett, minor child.

"Now, therefore, it is considered, ordered and adjudged that Defendant herein be required to pay to the Clerk of the above entitled Court on or before the 10th day of each and every month, beginning with the 10th day of November, 1935, the sum of $40.00 for the support of said minor child, * * * Hallett, as provided in the original Decree; that any disobedience to this order will be summarily dealt with as contempt of court.

"Dated this 17th day of October, 1935."

■ The question herein is whether the record supports the nunc pro tunc order of July 25, 1935. We are unable to find anything in the affidavits on file which justifies such a drastic order.

Upon ascertaining that defendant was taking an appeal, the trial court filed findings of fact and made an order that the same should be forwarded to the clerk of this court. The first sentence of these findings is as follows:

"The court after giving careful consideration to the affidavits on file herein and also its own investigation of the situation makes the following findings."

These findings lend no added support to the order under consideration for two reasons: (1) They were not seasonably made, and (2), in part, at least, they are based upon the result of the trial court's investigation of the situation.

It is suggested that, because defendant indicated a willingness to have the trial judge talk to the boy and inspect the houseboat where defendant then lived, the investigation pursued by the judge was invited error, if error at all. We are at a loss to know what investigation was actually made, but it must have gone beyond a mere conversation with the boy and a view of the houseboat; otherwise, it would not have resulted in a disclosure so damaging to defendant as to suggest an order depriving him of the right to visit or to communicate with his only son. Certainly, the defendant was entitled to see and know the contents of the affidavits, if any, or to hear the oral testimony of his accusers; and, in case testimony was given by them, defendant should have been given an opportunity to exercise his right of cross-examination. Moreover, such evidence, whether by affidavit or testimony, should be in the record for the purpose of review by the appellate court.

This requires a reversal of the order of the trial court and a rehearing of defendant's application for

a modification of the original decree. For obvious reasons, we have omitted the surname of the minor child.

██ Defendant insists that the trial judge is prejudiced against him and asks that an order be made that this case be assigned to some other judge.

We are reluctant to accede to such a request and would not in this case if it were not for the fact that we think defendant's motion for a change of judges should have been sustained.

Whether we deem an application to modify a decree concerning support money and the custody of a child to be a proceeding, we can not doubt that an affidavit made to procure an order that defendant be adjudged in contempt, taken in connection with an order of the court based thereon requiring defendant to show cause why he should not be so adjudged, comprised a proceeding.

Section 1-405, Oregon Code 1930, among other things, provides:

"No judge of a circuit court of the state of Oregon shall sit to hear or try any suit, action or proceeding when it shall be established, as hereinafter provided, that such judge is prejudiced against any party or attorney, or the interest of any party or attorney appearing in such cause."

Section 1-406, ibid, provides that such prejudice may be established by an affidavit and motion of the character filed herein by defendant.

Section 1-407, ibid, provides:

"In any county of the state of Oregon where there is a presiding judge who hears motions and demurrers and assigns cases to the other departments of the circuit court for trial, the affidavit and motion for change of judges to hear the motions and demurrers or to try the case may be made at any time, either before

or after the assignment of the case for trial, and either before a hearing upon a motion or demurrer or the commencement of trial of the said cause," etc.

We think that this provision of our statute was not affected by section 28-849, ibid, which, inter alia, provides:

"There shall be automatically assigned to the department of domestic relations herein provided for all uncontested divorce suits and all divorce suits where the parties have a child or children under 18 years of age;" etc.

In other words, the department of the circuit court known as the department of domestic relations is governed by the general laws governing other departments of the circuit court when exercising the jurisdiction common to all circuit courts. We do not mean that, in relation to the business of a court of domestic relations, the general laws governing procedure apply when in conflict or inconsistent with the provisions of the statute regulating the procedure in courts of domestic relations.

On the other hand, the summary methods sanctioned by the statute in conducting the business of a court of domestic relations have no proper place in the trial of divorce cases, or in hearing an application to modify a decree of divorce or in trying a contempt proceeding such as this record reflects.

The order of the circuit court, overruling defendant's motion to modify the decree in suit and modifying the same, as hereinabove set forth, is reversed and this cause is remanded with directions that it be heard by a circuit judge against whom no affidavit of prejudice has been filed.

CAMPBELL, C. J., and BELT and ROSSMAN, JJ., concur.