TRACY *v.* TRACY.

[No. 27,886.  Filed September 23, 1943.]

*Edwin J. Fitzgerald* and *Martin J. Downey,* both of Hammond, for appellant.

*Charles Levin,* of Hammond, for appellee.

RICHMAN, J.—This is an appeal from an interlocutory order striking out a wife's application for temporary support for herself and children and for money to pay attorneys to prosecute her action for separation from bed and board brought pursuant to ch. 48 of the Acts of 1903. The husband persuaded the trial court that in such an action no order with respect to attorney fees and support may be made until final decree.

Such a holding ignores the words "practice and proceedings" (particularly the latter) in § 4 of the act, § 3-1231, Burns' 1933, § 937 Baldwin's 1934, reading:

> "In granting a separation from bed and board for a limited time, the same length of residence and proof thereof, and the practice and proceedings of the court shall be the same as in cases of absolute divorce."

The absolute divorce statute, ch. 43 of the Acts of 1873 in § 17 provides that "Pending a petition for divorce, the court, . . . may make . . . such orders for the disposition of the persons, property and children of the parties as may be deemed right and proper and such orders relative to the expenses of such suit as will insure to the wife an efficient preparation of her case and a fair and impartial trial thereof . . . . ." The statute has since been amended specifically to provide for attorneys' fees. § 3-1216 Burns' 1933 (Supp.), § 923 Baldwin's Supp. 1939.

The filing of application for temporary support and suit money, the hearing thereof and the order of the court thereon are steps commonly taken in actions for absolute divorce. In other states similar steps have been thought to come within the definition of "proceedings." *Jackson* v. *Jackson* (1938), 294 Ill. App. 508, 14 N. E. (2d) 276; *Hallett ex rel. State* v. *Hallett* (1936), 153 Ore. 63, 55 P. (2d) 1143; *Ruch* v. *State*

(1924), 111 Oh. St. 580, 146 N. E. 67. We think the word was so understood and used in the Act of 1903. It follows that the court erred in striking out appellant's motion.

The conclusion we have thus reached by statutory construction is in harmony with the rule followed in most jurisdictions. 27 C. J. S. *Divorce* § 205, p. 889, 30 C. J. *Husband and Wife* § 885, p. 1083, 17 Am. Jur. *Divorce and Separation* §§ 555, 575, 2 Bishop, *Marriage, Divorce and Separation* (1891) § 976.

Order reversed for hearing upon appellant's application and further proceedings.

NOTE.—Reported in 50 N. E. (2d) 662.