JOHN GOTH, RESPONDENT, v. ELIZABETH GOTH, APPELLANT.—167 S. W. (2d) 384.

Kansas City Court of Appeals. December 14, 1943.

*N. B. Conrad* and *Ted Conrad* for respondent.

*Kelso Journey* for appellant.

SHAIN, P. J.—This is an appeal from the action of the circuit court in setting aside a judgment.

The controversy herein grows out of a judgment of divorce granted to Elizabeth Goth, the appellant herein, and wherein John Goth, the respondent herein and defendant in the divorce proceedings, is the respondent.

The decree of divorce involved was granted September 14, 1925, in the Circuit Court of Henry County, Missouri. In said divorce proceeding the appellant herein was given the custody of the minor daughter, Lorine Goth, and a stipulation was duly entered into by the parties in settlement of property rights wherein the husband, respondent herein, paid the wife, appellant herein, the sum of three thousand dollars.

Concerning said sum so paid, the agreement reads as follows:

"Said sum of $3000 is accepted by Elizabeth Goth in full settlement of all claims whatsoever kind and nature that she may have against the said John Goth and all material interests in his real estate or personal property; and said Elizabeth Goth, being awarded the care and custody of the infant child of the parties hereto and she is to care for, maintain, support, educate and provide for said child out of the said sum of $3000 herein provided to be paid said Elizabeth Goth and is not to buy for said child on account of the plaintiff and is to hold said John Goth harmless for all bills and expenses contracted for and on behalf of said infant child, Lorine Goth."

About six years after the divorce was granted the mother, appellant herein, filed motion asking allowance from respondent for support of the minor daughter. An allowance was made and duly met by the father, respondent herein.

The aforesaid allowance was changed in 1934 and allowance duly paid. On October 4, 1935, the allowance was again changed and fixed at $10 per month, which sum the father, respondent herein, paid up to June 1, 1939.

On August 9, 1941, the daughter married,. and on September 2, 1941, the mother, appellant, caused to be issued an execution and garnishment, based upon the court allowance of October 4, 1935, *supra,* wherein the amount asked was $287.60. The aforesaid sum represented $10 per month from time, June 1, 1939, when payments ceased to time of the marriage of the daughter.

On September 8, 1941, the father filed motion to set aside the judgment upon which execution and garnishment proceeding were based. Thereafter, and before the hearing, the mother, appellant, caused the execution proceedings to be dismissed.

The hearing in above was had on September 12, 1941, and the judgment of the trial court was that the judgment of October 4, 1935, be set aside and canceled.

From the aforesaid judgment, the mother, Elizabeth Goth, duly appealed.

### OPINION.

The judgment, after noting matters of agreement, concludes as follows:

". . . that the defendant has cared for and maintained said infant child until August 9, 1941; and the court having duly considered the same doth find that although the agreement entered into between the plaintiff and defendant at the time of the divorce did not relieve the plaintiff as the father of the responsibility of maintaining the daughter during minority, the agreement is now binding upon the defendant when she seeks to collect an amount under the judgment from the plaintiff to compensate her for maintaining the daughter during her minority, because in so maintaining the daughter, the defendant was doing what she was bound to do under the agreement."

The case at bar appears as distinguished from all cases and texts cited in briefs. Herein it appears that the mother, who is seeking to collect for default payments under the modification of October 4, 1935, and who had entered into the agreement, *supra,* caused execution and garnishment proceeding to be instituted against the father, respondent herein, to collect an unpaid balance based upon the judgment of October 4, 1935.

The record herein discloses no direct joining of issue on the question presented in the excution and garnishment proceeding, other than an allegation that such action had been taken. However, the husband and father did file a motion asking that the judgment of October 4, 1935, be set aside on specific grounds based upon the aforesaid agreement of the wife and mother to support and maintain said infant.

The theory of the father, respondent herein, is clearly expressed in the following paragraphs of his motion, to-wit:

"Defendant Elizabeth Goth made no complaint about the non-payment of the $10 per month until June 30, 1941, when she had

a lawyer in her home town of Grand Island, Nebraska, write to plaintiff for the payments calling them 'alimony,' showing that she thought the payments were hers instead of the girl's.

"For a long time the said daughter has been working for Sears-Roebuck & Company in Kansas City, Missouri, residing in Independence, Missouri, and her mother, defendant Elizabeth Goth has been residing at Grand Island, Nebraska. The girl has been maintaining herself.

"The said daughter Lorine Goth, then over 18 years of age, got married on August 9, 1941, and is now living with her husband Earl Eugene Myers, in Independence, Missouri.

"No one has any legal interest in this judgment. Having. been provided for and maintained during her minority until her marriage, the said daughter has no interest in the judgment. The defendant Elizabeth Goth has no interest in the judgment, or any legal right thereto, because if she did anything toward the maintenance of the daughter before the daughter's marriage, she was only doing what she was bound to do under her written contract of September 14, 1925.

"Wherefore, plaintiff prays the court to set aside said judgment and to quash the execution and the garnishment in this cause."

The record herein discloses that prior to any hearing upon respondent's motion to set aside the judgment of October 4, 1935, the appellant, who had instituted execution and garnishment proceeding, caused same to be dismissed.

The record does not show that the appellant herein filed any answer or pleading of any nature to respondent's motion to set aside the judgment of October 4, 1935. However, the appellant appeared as a witness at the hearing on said motion.

The mother, appellant herein, has further made appearance herein by perfecting this appeal.

It should be understood at the outset of this opinion, that no question directly involved in the action of appellant herein in securing execution on the judgment of October 4, 1935, is involved in this review. In other words, the question as to whether or not respondent, the husband and father, has or has not remedy or defense to interpose to an execution issued on the judgment of October 4, 1935, is not before us for review by reason of the fact that execution proceeding has been dismissed and no issue thereunder was before the court at the time of the hearing herein.

The conclusion of the judgment decree herein is as follows:

"It is therefore ordered, adjudged and decreed·by the court that the motion to modify, set aside and cancel said judgment and decree be sustained in so far as maintenance for said child is concerned, as to all accrued and future payments."

As there is not shown to be any motion to modify, the word "modify," as appearing, *supra*, is confusing.

Under the showing of the record herein the only issue before the trial court after the execution proceedings were dismissed was only as to whether or not the judgment of October 4, 1935, be set aside.

We have, *supra,* quoted paragraphs from respondent's motion, which are expressive of respondent's theory. The reason upon which respondent's theory rests is expressed in his motion to set aside as follows:

"Plaintiff and defendant were divorced at the Septembr Term, 1925, of this Court; that at the time of said divorce a property settlement was made between plaintiff and defendant Elizabeth Goth. That in said property settlement plaintiff paid defendant Elizabeth Goth the sum of $3000. That there was, at the time of the divorce an infant child of said marriage, Lorine Goth. That is consideration of said $3000 defendant Elizabeth Goth in writing contracted 'to care for, maintain, support, educate and provide for said child . . . and is not to buy for said child on the account of the plaintiff and is to hold said John Goth harmless for all bills and expenses contracted for and on behalf of said infant child Lorine Goth.' "

The respondent, in support of his theory, cites Lochrie v. Lochrie, 108 S. W. (2d) 178. The above case is a well balanced opinion, by the Springfield Court of Appeals, wherein the facts are substantially as follows: The wife secured divorce and custody of infant child and a specific amount for support of child was made. The husband became in default in the sum of $296, and thereafter a contract was entered into, whereby for a consideration of $500 paid to the wife, she agreed and did satisfy the judgment for support and agreed to meet all future expenses. Thereafter, and two years after the minor had become of age, the wife filed a motion to set aside the aforesaid satisfaction of judgment and asked a money judgment for monies spent by her in support of said minor.

The opinion in the above case is to the effect that such a motion would be proper prior to minor reaching majority, but that after majority of child, the child having no longer any interest, the satisfaction under the contract based upon consideration, could not be set aside. In the above opinion it is clearly held, and we conclude properly so, that the contract based on the $500 consideration was valid as between the divorced husband and wife, and that the divorced wife could not, after the child had reached majority, maintain an action against her divorced husband for monies so spent by her.

The above case is clearly distinguished from the case at bar. No question of setting aside judgment was involved therein.

Under the law of this State it is held that a contract between husband and wife, wherein a consideration is paid the wife for the support of minor child, is binding upon the wife. [Kelly v. Kelly, 47 S. W. (2d) 762.]

No case is cited in the briefs herein, and we find no case, Missouri or otherwise, wherein a judgment, valid when made, has been set aside

by reason of an agreement between the parties, plaintiff and defendant, entered into prior to the rendition of the judgment.

A motion to modify a divorce decree partakes of the nature of an independent suit and a final judgment in such a procedure must of necessity be considered and treated as any other final judgment.

There are proceedings, *nunc pro tunc*, action in nature of a writ *coram nobis* and suits in equity, involving fraud, whereby judgments are set aside or altered. None of these proceedings are herein involved, and we conclude that the reasons assigned nor the theories presented in respondent's motion, quoted *supra,* do not justify the act of the trial court in setting aside and canceling the judgment of October 4, 1935, *supra.*

The motion upon which the judgment of October 4, 1935, was entered stands as a prior suit to the action that is now before us for review. The parties to the former and latter action (herein involved) are the same.

The rule in Missouri is to the effect that neither party can go back to the former judgment to reopen it or to establish such prior suit as an issue in the second suit. [Coons v. Coons (Mo. App.), 236 S. W. 358; Brady v. Brady, 71 S. W. (2d) 42.]

The general rule in Missouri is that all issues being litigated be adjudicated in the judgment and that after judgment becomes final as between the parties litigant. [Ex Parte Messina, 128 S. W. (2d) 1082.]

We conclude that there is nothing involved in the case at bar that justifies a departure from the above general rule.

The judgment is reversed. All concur.