BROWN *v.* BROWN.

[No. 28,096.   Filed June 21, 1945.]

*C. C. McGuire,* of Gary, for appellant.

*H. B. Steward,* of Gary, for appellee.

GILKISON, J.—The record is such that this may be considered an appeal from an interlocutory order for the payment of money, which gives us jurisdiction. § 4-214, Burns' 1933, § 1356, Baldwin's 1934. The validity of the order is directly attacked by the first assignment of error. Incidentally it is collaterally attacked by a proceeding for indirect civil contempt. If appellee was not entitled to the order requiring appellant *pendente lite* to pay for her support and attorney fees, it should not be enforced for her benefit by appellant's imprisonment which was ordered as a coercive measure and not to uphold the dignity of the court.

Appellant went into a court of equity for annulment of a marriage claimed to be bigamous. Before any answer

or cross-complaint was filed appellee filed a petition styling herself as "the cross-complainant in the above entitled cause of action for divorce," asking for an allowance for support and "to pay her attorneys for their said services in the preparation and prosecution of this cause of action." Later she filed an unverified answer in denial of the allegations of the complaint and a cross-complaint for divorce. In none of these pleadings does she deny under oath that the marriage was bigamous or attempt any explanation of that charge in the complaint. Appellant's brief claims an oral admission of the charge in open court but there is no bill of exceptions to substatiate this claim.

Our statute provides:

"Pending a petition for divorce, the court or the judge thereof in vacation, may make, and by attachment enforce, such orders for the disposition of the persons, property and children of the parties as may be deemed right and proper and such orders relative to the expenses of such suit as will insure to the wife an efficient preparation of her case and a fair and impartial trial thereof, . . . ." § 3-1216, Burns' 1933, § 923, Baldwin's 1934.

Under this statute courts and judges are authorized to make and enforce, such orders relative to the expenses of a divorce suit as will insure to the wife an efficient preparation of her case and an impartial trial thereof, and this includes a reasonable fee for her attorneys. *Garrison* v. *Garrison* (1898), 150 Ind. 417, 50 N. E. 383. Authority to make such an order is statutory and so far as expressed by the statute, is limited to proceedings for limited and absolute divorce. *Payne* v. *Payne* (1930), 90 Ind. App. 594, 169 N. E. 475; *Tracy* v. *Tracy* (1943), 221 Ind. 590, 50 N. E. (2d) 662.

Whether appellee is entitled to present her petition for support *pendente lite* and attorney fees in this annulment proceeding is a question in this appeal. In *Payne* v. *Payne, supra,* our Appellate Court stated:

"Before the trial court had authority to entertain a petition for an interlocutory order as provided by § 1109, Burns' 1926 (§ 3-1216, Burns' 1933, § 923 Baldwin's 1934) it was mandatory that a petition for divorce be filed and that either the petition with proper allegations as to residence be sworn to or an affidavit be filed with the petition as required by § 1097 *supra,* and as construed by the Supreme Court of Indiana."

However, the rule is generally stated thus:

"The authorities generally hold, even in the absence of express statutory authorization, that a wife is entitled to alimony, counsel fees, and suit money, *pendente lite,* in a suit instituted by her husband for annulment of their marriage *on grounds the existence of which she denies on oath,* but such allowance will be denied her where it is clear, at the time of the application, from the pleadings in the case, her admissions, or otherwise, that there never was any marriage between them, or that any marriage between them was void *ab initio.*" (Our italics.) 35 Am. Jur. § 70, pp. 225, 226.

See also *Huffman by next friend* v *Huffman* (1912), 51 Ind. App. 330, 99 N. E. 769.

Our conclusion is that a court of equity in a proceeding for an annulment brought by a husband has the power upon proper showing to require the plaintiff to support the defendant *pendente lite* and provide means for an adequate defense. If the order is justified by the circumstances existing and brought to the attention of the court in a proper manner when the order is entered it will be sustained.

In this case we think the order was improvidently made upon an insufficient showing of a meritorious de-

fense and that the entry therefore was an abuse  of discretion. Accordingly it should be set aside and with it falls the contempt proceeding. The judgment is reversed with instructions to vacate the order for support and attorney fees and all proceedings seeking the enforcement of the same and for further proceedings in harmony with this opinion.

Note.—Reported in 61 N. E. (2d) 645.