# BROWN *v.* BROWN

[No. 28,222.   Filed November 8, 1946.]

*Todd & Craig*, of Indianapolis, for appellant.

*Louis Rosenberg*, of Indianapolis, for appellee.

RICHMAN, J.—Appellee filed a complaint for separation from bed and board under ch. 48, Acts 1903, found in Burns' 1946 Replacement beginning with § 3-1230. The complaint also requested "a reasonable sum for the support of herself, their minor children and with which to pay her attorney." Upon an order to show cause appellant appeared and contended that the court was without jurisdiction to order interlocutory payments in a proceeding of this character. The court however ordered payment of $10.00 per week in support of a minor child. There was a change of judge and another hearing after which the special judge entered an order to pay $10.00 per week for the minor child and also ordered appellant to pay $75.00 as partial fees of appellee's attorney. From the latter order this appeal is taken.

One of the errors assigned is the overruling of appellant's demurrer to the complaint. Apparently this assignment was made on the theory that lack of a good complaint prevents the acquisition of jurisdiction. If this were true, it is sufficient to say that appellant's only objection in the memorandum of the demurrer was "that the complaint does not allege any cause such as specified by statute." The point is not well taken since the facts alleged clearly state a cause of action within clause (c) of § 3-1230, *supra*.

It is asserted that no interlocutory orders are contemplated by the statute. This contention was made and overruled in *Tracy* v. *Tracy* (1943), 221 Ind. 590, 50 N. E. (2d) 662.

Appellant next contends that the title of the act of 1903 was not broad enough to permit such interlocutory orders. This contention is frivolous as appears from the title itself quoted in the note to § 3-1230, *supra*.

He urges also that the special judge had no right to pass upon appellee's petition for attorney's fees because it had already been ruled upon by the prior judge. The first order did not pass upon the question of attorney fees, the second made no change in the order as to support for the child. Had it done so there would have been no error for the court has continuing jurisdiction to make or modify such orders *pendente lite*.

Finally it is argued that "The court (special judge) had no power to act as the judges of the superior court were all in session at the time." If this is intended to mean that there was no court room available or that in Room 3, where the proceeding was pending, court was then in session with the regular judge presiding, it is not supported by the statement of the record in appellant's brief. We shall not assume that the court was improperly constituted.

The order is affirmed.

NOTE.—Reported in 69 N. E. (2d) 246.