## HACHAT v. HACHAT

[No. 17,564.   Filed March 27, 1947.]

*Jay E. Darlington,* of Hammond, for appellant.

*Willard B. Van Horne, Jr.,* of East Chicago, for appellee.

FLANAGAN, J.—On July 1, 1946, appellant filed his petition in the trial court alleging that appellee had therein, on April 5, 1946, obtained a divorce from him; that as a part of the decree she was awarded the custody of their minor child, Virginia, and he was ordered to pay $40.00 per month for said child's support; that in June, 1946, said child reached the age of 18 and was graduated from high school; that at the time of filing the petition she was an able-bodied girl, was working and earning about $100.00 per month. The petition prayed that appellant be relieved from further support payments.

To this petition appellee filed an answer which admitted the material facts of the petition except as to the amount being earned by the child and then stated "that she is anxious to continue her education and that she does desire to go to a university or college to complete her education; that the money decreed in this cause is not sufficient to continue her education——." The

answer asks that the support payments be continued.

The evidence on the trial of the cause established the facts set forth in the petition except that it disclosed that the child was earning approximately $64.00 per month instead of $100.00.

Judgment was for appellee and this appeal followed.

It is settled in this state that a court has no authority to require a parent to provide funds to defray the expense of a general college education for a child. *Morris* v. *Morris* (1931), 92 Ind. App. 65, 171 N. E. 386.

But appellee says the trial court had a right to decide that the payments were required for the general support of the minor child. With this contention we are in agreement but no such issue was presented either by the pleadings or the evidence. Under the pleadings and evidence as disclosed by the record the only question presented was whether appellant should be compelled to contribute toward a general college education.

On authority of *Morris* v. *Morris, supra,* judgment reversed with instructions to sustain appellant's motion for a new trial and for further proceedings consistent with this opinion.

NOTE.—Reported in 71 N. E. (2d) 927.