LOCAL UNION NO. 414, ETC., ET AL. *v.* TOWN & COUNTRY FOOD CO., INC.

[No. 19,328. Filed July 14, 1959.]

*Edward J. Fillenwarth,* of Indianapolis, for appellants.

*Nieter & Smith,* of Ft. Wayne, for appellee.

MYERS, P. J.—This is an action which was brought by the appellee against the appellants for a temporary and permanent injunction against the appellants to prevent them from picketing the appellee's place of business in an unlawful manner, and for damages for destruction caused to appellee's business by said unlawful picketing. After due notice and a hearing of the evidence on appellee's petition, the trial court entered an order on April 23, 1959, temporarily enjoining appellants from picketing appellee's place of business until such time as the court entered a final decree either granting or denying the injunctive relief sought by appellee.

On May 22, 1959, appellants submitted the cause to this court, by filing their transcript with the Clerk, as an appeal from the temporary injunction granted by the trial court pursuant to the provisions of §40-510, Burns' Ind. Stat.

On June 19, 1959, appellants filed their verified motion for an extension of time in which to file their brief, together with proof of service thereof. In such motion appellants stated that pursuant to the rules of this court they were required to file their brief on or before June 22, 1959. Appellants stated in paragraph one of their motion that "this is an appeal from a temporary injunction in the form of an interlocutory order." They requested an extension of time of approximately 19 days.

On June 24, 1959, appellee filed its motion to dismiss the appeal on the grounds that appellants had failed to file their brief in the office of the Clerk within the time permitted by Rule 2-15 of the Rules of the Supreme Court; that appellants' brief should have been

filed on or before the 1st day of June, 1959; and not having been granted an extension of time prior to that date, the appeal should be dismissed. A certificate of service was attached, certifying that a copy of the motion to dismiss was served upon counsel for appellants.

Rule 2-15 pertains to the time of filing briefs in appeals to the Supreme and Appellate Courts. Part of the rule reads as follows:

"In all appeals from interlocutory orders, the appellant shall have 10 days after submission to file his brief. The appellee shall have 10 days after the filing of the appellant's brief within which to file his brief. The appellant shall have 5 days after the filing of appellee's brief in which to file his reply brief."

It is apparent from appellants' motion for extension of time to file their brief that this is an appeal from an interlocutory decree of which the Appellate Court has jurisdiction, and that their brief had not been filed within the 10-day period after submission. This being the case, appellee's motion to dismiss the appeal must be sustained. *Union 403, Bartenders' Union* v. *Demetrakopoulos* (1939), 215 Ind. 452, 19 N. E. 2d 466.

Appeal dismissed.

NOTE.—Reported in 159 N. E. 2d 854.