HAAG *v.* HAAG.

[No. 29,884. Filed December 22, 1959. Rehearing denied February 9, 1960.]

---

3. Burns' §3-2201 (1959 Cum. Supp.), being Acts 1955, ch. 253, §1, p. 647.

*George Sands,* of South Bend, for appellant.

*Leon E. Kowalski,* of South Bend, for appellee.

BOBBITT, J.—This case comes to us on petition to transfer from the Appellate Court under Acts 1933, ch. 151, §1, p. 800, being §4-215, Burns' 1946 Replacement, and Rule 2-23 of this court, 1958 Edition. See: *Haag* v. *Haag* (1959), 158 N. E. 2d 800 for Appellate Court opinion.

The parties hereto were divorced on May 29, 1941, and an order was entered at that time requiring appellant to support their three minor children aged 9 years, 4 years, and 16 months. This order was modified on October 21, 1949, requiring appellant to pay $20 per week for the support of two of the children, Joan and Jack Haag.

On November 12, 1958, appellant filed a verified petition requesting that the support order entered on October 21, 1949, be vacated and set aside. Such petition alleged, *inter alia,* "that presently such order requires the payment of the sum of $10.00 per week for the support and maintenance of the child Jack Haag; that the child Joan is twenty-one years of age; that said child Jack Haag attained the age of 18 years on January 20, 1958, and has been graduated from a high school. . . ."

To this verified petition for modification appellee filed her counter-affidavit and an amended counter-affidavit alleging, *inter alia*, that Jack Haag graduated from Riley High School in June of 1958; that it was his wish and desire to attend college, and he was then in his first year at Purdue University; that the approximate yearly cost of his college education would be $1200, and that he has no means of paying for his college education other than that furnished by his mother. It is further alleged that appellee is unmarried and has, since March, 1958, been employed, that she is not financially able to bear the entire expense of the son's college education; that the father is employed at a salary of approximately $8,950 annually; that Jack Haag is now unemployed by reason of his attending school and for this reason, although he is now 18 years of age, the court order heretofore entered on October 21, 1949, requiring appellant to pay the sum of $10 per week, should be continued in effect, until further order of the court, to insure Jack's college education.

These affidavits, as summarized above, and the verified petition of appellant, were the only evidence submitted at the hearing. The trial court denied the petition for modification and from such order this appeal is prosecuted.

The sole error assigned is that the trial court erred "in refusing to grant and in denying appellant's verified application to set aside and vacate order for support of child."

*First:* We are confronted at the outset with appellee's motion to dismiss, which was sustained by the Appellate Court, on the ground that this was an appeal from an interlocutory order and appellant's brief was not filed within ten days after the case was submitted as required by Rule 2-15 of this court, 1958 Edition.

This presents the question: Is an order denying a petition to modify an order for support, not made *pendente lite* but under circumstances such as are here present, an interlocutory order within the meaning of Acts 1921, ch. 251, §1, p. 741, being §2-3218, Burns' 1946 Replacement, and appealable to the Supreme Court under the provisions of such section and Rule 2-15, *supra,* of this court; or, is it a final order or judgment appealable as such under the rules of civil procedure?

In an attempt to dispel the confusion which appears to exist regarding the procedure to be followed in appealing a judgment modifying an order for the custody and/or support of minor children, it is necessary to review both the statutes and decisions of this State on the subject.

Acts 1939, ch. 160, §1, p. 738, being §3-1216, Burns' 1946 Replacement, provides, in part, as follows:

> *"Pending a petition for divorce,* the court, or the judge thereof in vacation, may make, and by attachment enforce, such orders for the disposition of the persons, property and children of the parties as may be deemed right and proper and such orders relative to the expenses of such suit and attorney fees as will insure to the wife an efficient preparation of her case and a fair and impartial trial thereof. . . . Provided, That such orders shall be made under the same rules and regulations, and upon such notice, as restraining orders and injunctions are granted in other civil actions, except that no bond shall be required of either party." (Our italics.)

Orders *pendente lite* made under the provisions of this section do not dispose of the cause, but leave even the question of custody and support for final determination in the decree of divorce, and are clearly interlocutory. See: F. W. & H., Ind. Tr. & App. Pract., §2155, p. 36; 17 Ind. Law Encyc., Judg-

ment, §2, p. 136; 49 C. J. S., Judgments, §11, p. 35; 47 C. J. S., Interlocutory, p. 85.

This court has held that an order for the payment of money for support *pendente lite*[1] and attorney fees is an interlocutory order for the payment of money within the provisions of Acts 1925, ch. 201, §1, p. 487, being §4-214, Eleventh, Burns' 1946 Replacement; *Brown* v. *Brown* (1945), 223 Ind. 463, 61 N. E. 2d 645; and such an order is appealable under the provisions of Acts 1921, ch. 251, §1, p. 741, being §2-3218, First, Burns' 1946 Replacement, *supra,* and Rule 2-15, *supra.*

However, we have also held that interlocutory proceedings had, pending an action for divorce, may not be appealed unless authorized by statute. *Chapman* v. *Chapman* (1953), 231 Ind. 556, 557, 109 N. E. 2d 724.

The Chapman Case is, in our opinion, not in conflict with *Brown* v. *Brown, supra* (1945), 223 Ind. 463, 61 N. E. 2d 645, since in the Brown Case the right of appeal was founded upon §4-214, Eleventh, *supra,* and since it was "for the payment of money" which was authorized by §2-3218, First, *supra.*

We reaffirm the rule in the Chapman Case, *supra,* "that an interlocutory appeal can only be taken pursuant to statutory authorization."

It is evident from the foregoing that the order here in question is not an interlocutory *pendente lite* order and hence does not fall within the provisions of §3-1216, *supra.* Since the petition was denied, it is not an order for the payment of money, nor does it fall within any of the other specifications provided in §2-3218, *supra.* Therefore, if it is an appealable

---

1. Acts 1939, ch. 160, §1, p. 738, being §3-1216, Burns' 1946 Replacement.

order it must be so because it is a final judgment from which an appeal will lie.

Acts 1873, ch. 43, §21, p. 107, being §3-1219, Burns' 1946 Replacement, provides as follows:

> "The court, in decreeing a divorce, shall make provision for the guardianship, custody, support and education of the minor children of such marriage."

This court has, by a well-established rule, supplemented the provisions of §3-1219, *supra*, by providing that in a divorce action the court has continuing jurisdiction in respect to minor children of the parties and may, in a proper proceeding,[2] modify its decree as it pertains to custody or support, at any time during the dependency of the children, as the circumstances of the parents may require and in order best to serve the interests and welfare of the children involved. *Scott* v. *Scott* (1949), 227 Ind. 396, 406, 86 N. E. 2d 533; *Zirkle* v. *Zirkle* (1930), 202 Ind. 129, 132, 172 N. E. 192; *Stone* v. *Stone* (1902), 158 Ind. 628, 633, 64 N. E. 86; *Bryan* v. *Lyon, et al.* (1885), 104 Ind. 227, 234, 3 N. E. 880, 54 Am. Rep. 309; *Reineke* v. *Northerner* (1949), 119 Ind. App. 539, 544, 84 N. E. 2d 900; 10 Ind. Law Encyc., Divorce, §168, p. 655. See also: *On The Relation of Rosenbarger* v. *Mar. C. C. et al.* (1959), 239 Ind. 132, 155 N. E. 2d 125, 127.

Such orders are subject to modification as above stated, not because they are interlocutory and reserve or leave some question or decision for future determination, but because changes in conditions and other causes which cannot be anticipated at the time the divorce decree is entered, may make it necessary for the best interest and welfare of the children to change either

2. *State ex rel. Davis* v. *Achor, Judge* (1947), 225 Ind. 319, 327, 75 N. E. 2d 154.

the order of custody or of support. An order in a divorce decree for the custody and support of minor dependent children "cannot anticipate the changes that may occur" in the circumstances surrounding the "parents, or in their habits, character and fitness to have the custody and care of the children," and it is to meet these contingencies that the court retains jurisdiction to modify its decree as to custody and support of minor children should the occasion to do so arise. Otherwise the original decree remains unchanged. *State ex rel. Davis v. Achor, Judge, supra* (1947), 225 Ind. 319, 326, 75 N. E. 2d 154.

Appellee rests her motion for dismissal on the ground that appellant's brief was not filed within the time provided for appeals from interlocutory orders, upon a statement in *State ex rel. Davis v. Achor, Judge, supra* (1947), 225 Ind. 319, at page 326, 75 N. E. 2d 154, as follows:

"Such orders [for the custody of children] therefore are interlocutory in nature. . . ."

This gratuitous statement lends no support to appellee's position that the order from which this appeal is prosecuted is interlocutory for two reasons: (1) No question was raised in that case concerning the nature of the judgment, hence the above statement is merely dictum; and (2) Even if the statement were not dictum, but related to the sole question presented, it must be remembered that it does not say, as appellee has, as we charitably believe, inadvertently stated in her brief, that "orders for the custody of children of divorced parents are interlocutory," but the correct statement is only that such orders "are interlocutory in nature."

Orders for the custody and support of minor children might be said to partake of the nature or character of

an interlocutory order from the fact that they are subject to modification during the minority or dependency of the children. However, in our opinion, such attribute does not make such orders interlocutory within the meaning of §2-3218, *supra*, so that they may be appealed as such.

In *Stone* v. *Stone*, *supra* (1902), 158 Ind. 628, 64 N. E. 86, a decree of divorce was entered in July of ,1897. In the decree custody of one of the two minor children was awarded to the appellee ,(plaintiff) and the other to the appellant (defendant). In March of 1900 appellant filed his petition for modification of the support order alleging a change in conditions and circumstances, and that the best interests of the children required a modification of the order. After hearing, the order was modified giving both children to the mother (appellee) on her cross-petition. From this order the father (appellant) appealed. At page 631 of 158 Ind., this court said:

"The judgment thus arrived at is a final judgment upon the facts as they existed at the time, appealable, but otherwise unassailable as other judgments. *Dubois* v. *Johnson,* 96 Ind. 6; *Joab* v. *Sheets,* 99 Ind. 328, 332; *Leming* v. *Sale,* 128 Ind. 317; Bishop Mar. & Div., 1188.

"The addition of the words 'until the further order of the court' does not change the legal force and effect of the judgment pronounced. If the facts have been adjudicated, and the status of children fixed thereby, such adjudication concludes both the court and the parties on the facts involved, and is in every sense final, and may be appealed from, notwithstanding a reservation by the court of the power to change it. To give the words the force contended for would be to hold that by such an order the court has only temporarily disposed of the question and holds in abeyance the final judgment for further consideration. This would prevent appeals and work hardships to many litigants."

*Cirtin* v. *Cirtin* (1928), 199 Ind. 737, 164 N. E. 493, was an appeal from an order requiring plaintiff to pay attorney's fees for defending an appeal of a divorce decree in which defendant was allowed alimony in the sum of $1,500.

Appellee there, as in the present case, filed a motion to dismiss the appeal asserting that the order from which the appeal was prosecuted was interlocutory and that the transcript and assignment of errors were not filed within a period of thirty days as required by statute. In disposing of the motion to dismiss this court, at page 739 of 199 Ind., said:

"The order or judgment appealed from herein is not an interlocutory order, as same was made after the final judgment. Therefore, the jurisdiction of this appeal is in the Appellate Court."

While there is a conflict of authority in other jurisdictions the following jurisdictions have held that judgments or orders providing for support and custody of minor children are "final judgments." *Lakey* v. *McCarroll* (1940), 134 Tex. 191, 134 S. W. 2d 1016, 1020; *Dietrich* v. *Anderson* (1945), 185 Md. 103, 43 A. 2d 186, 190; *Broome* v. *Broome* (1956), 212 Ga. 132, 91 S. E. 2d 18; *Goth* v. *Goth* (1942), 237 Mo. App. 360, 167 S. W. 2d 384, 386; *Shepard* v. *Shepard* (1946), Mo. App., 194 S. W. 2d 319, 323; *Hayes* v. *Hayes* (1952), 363 Mo. 583, 252 S. W. 2d 323, 327-328; *Nye* v. *Nye* (1952), 411 Ill. 408, 105 N. E. 2d 300, 304.

It has also been held that an order for the support and custody of minor children cannot be final because it is subject to subsequent modification by the court in a proper proceeding. See: *State ex rel. Davis* v. *Achor, Judge, supra* (1947), 225 Ind. 319, 326, 75 N. E. 2d 154; *Rosenberg* v. *Ameri-*

*can Trust, etc. Bank* (1927), 86 Ind. App. 552, 556, 156 N. E. 411; *Horsley* v. *Horsley* (1946), 77 Cal. App. 2d 442, 175 P. 2d 580, 581; *Friedman* v. *Friedman* (1948), 307 Ky. 439, 211 S. W. 2d 403, 404.

The issue before us here, however, does not involve the finality of an order in the sense that it may never be modified or dissolved, but, is whether or not an order for the support and custody of minor children entered subsequent to the divorce decree is such an order or judgment as is appealable under the rules of civil procedure as a "final judgment."

As in the Stone and Cirtin Cases, the order here denying appellant's petition to modify was based upon the particular facts presented at a hearing subsequent to the entering of a decree for divorce. It was not made *pendente lite* under the provisions of §3-1216, *supra.* It determined the rights of the parties in the hearing on the petition to modify, and left no further question on the facts there presented for future determination.[3] It also disposed of the subject-matter of the petition as to the parties thereto insofar as the court had the power so to do.[4] The proceeding initiated by the petition to modify, although filed under the same docket number as the original complaint for divorce, was one in which new rights based upon a new set of facts or changed circumstances were adjudicated. Such a proceeding was a separate action for a modification of a judgment and disposed of all the issues therein raised.

It seems to follow logically from the foregoing that the order from which the present appeal is prosecuted

3. See: *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 528, 104 N. E. 2d 669.

4. *Desho* v. *State* (1957), 237 Ind. 308, 311, 145 N. E. 2d 429; *McNelis* v. *Wheeler* (1947), 225 Ind. 148, 152, 73 N. E. 2d 339.

is, *for the purpose of appeal,* a final judgment appealable as such, under the rules of civil procedure. Acts 1959 ch. 25, §1, p. 75, being §2-3201, Burns' 1959 Cum. Supp.; Acts 1901, ch. 247, §15, p. 565, being §4-209, Burns' 1946 Replacement; Acts 1925, ch. 201, §1, p. 487, being §4-214, Burns' 1946 Replacement; *Desho* v. *State* (1957), 237 Ind. 308, 311, 145 N. E. 2d 429; *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 528, 104 N. E. 2d 669; *Seaney* v. *Ayres* (1958), 238 Ind. 493, 151 N. E. 2d 295, 297; F. W. & H. Ind. Tr. & App. Pract., §2152, p. 18; 17 Ind. Law Encyc., Vol. 17, Judgment, §2, p. 136, *supra.*

*Second:* There is no question of general support of the child in issue here. The sole question presented on the merits is: Can appellant, under the circumstances shown by the record here, be required to pay the costs of a college education for his son Jack Haag?

"It is fundamental that the legal duty of a father to provide for his minor child is confined to necessaries. It is also well established that necessaries, as applied to the duty of a father toward his minor child, is a relative term, its scope depending upon the station in life of the parties, and is to be determined in each instance from the particular facts and circumstances." *Morris* v. *Morris* (1931), 92 Ind. App. 65, 67, 68, .171 N. E. 386. (Transfer denied.)

We reaffirm this rule.

In 1930 the identical question presently before us was decided by the Indiana Appellate Court in *Morris* v. *Morris, supra.* In that case the father filed a petition to be relieved of the support of his 17-year-old son who had completed high school and was physically strong and able to support himself. The Appellate Court there held, at pages 69, 70, of 92 Ind. App. 65, 171 N. E. 386, that:

"The legislative branch of our state government has enacted no statute making it the legal duty of ,a parent to give his minor child a college █ education, and this court will not hold that it is the duty of a parent to provide such education under the guise that it is a necessary.

. . .

"We conclude that, under the facts disclosed by the record, . . . the trial court was without author-ity of law to require appellant to provide funds to defray the expenses of a general college educa-tion for his son, . . ."

,The ruling in the Morris Case was affirmed and applied to a similar set of facts in *Hachat* v. *Hachat* (1947), 117 Ind. App. 294, 71 N. E. 2d 927.

The Legislature has met and adjourned six times since the decision in the Hachat Case and it has done nothing to change the rule as announced in the Morris Case and followed in the Hachat Case. We are not dis-posed to disturb it on the facts in the present case.

While the trial court, under the provisions of §3-1219, *supra*, may require a parent to provide the basic "nec-essaries" of life, neither of our appeal courts nor the Legislature has included a college education as a basic necessity within the meaning of such phrase as it ap-pears in the decisions of our courts. *Hachat* v. *Hachat, supra* (1947), 117 Ind. App. 294, 71 N. E. 2d 927; *Morris* v. *Morris, supra* (1931), 92 Ind. App. 65, 69, 171 N. E. 386; 22 Ind. Law Encyc., Parent and Child, §6, p. 355.

The general rule in other States is that a college edu-cation is not a necessary required to be furnished by a parent to his minor children as a matter of legal duty. Such duty requires only that he provide his child with an elementary and high school[5] education. *Peck* v. *Peck*

5. High schools are a part of our common school system. Con-stitution of Indiana, Art. 8, §1, p. 150; *Greathouse* v. *Board, etc.* (1926), 198 Ind. 95, 151 N. E. 411.

(1956), 272 Wis. 466, 76 N. W. 2d 316, 319, 56 A. L. R. 2d 1202; *Commonwealth* v. *Wingert* (1953), 173 Pa. Super. 613, 98 A. 2d 203, 206; *Straver* v. *Straver* (1948), 26 N. J. Misc. 218, 59 A. 2d 39, 42; *Middlebury College* v. *Chandler* (1844), 16 Vt. 683, 42 Am. Dec. 537. See also cases cited at page 1210 of 56 A. L. R. 2d Anno.

There is a recent tendency in certain jurisdictions to require contributions to a college education for minor children. However, courts in such cases have taken "into account various specific factors, such as the financial ability of the father, the ability and capacity of the child for college work, the nearness of the child to his majority, whether the child is self-sustaining or not, and the father's willingness to provide for such education, as shown by some agreement thereto on his part. In a few of the college education cases the courts have had occasion to consider the effect of particular statutory provisions."[6] 56 A. L. R. 2d Anno., p. 1209.

None of these factors are sufficiently urged or supported by the record here to persuade us to follow the reasoning in any of those cases.

While we are aware of the greatly increased importance and necessity for a college education, the courts of Indiana are, under the factual situation as disclosed by the record here before us, without authority to require the appellant herein to furnish his 18-year-old son a college education or to contribute thereto.

We are also without authority to enforce moral obligations, no matter how manifestly evident they may be.

We are also aware that the amount a father should be required to pay for the support of a minor child rests

6. See: 56 A. L. R. 2d Anno., pp. 1223-1233.

in the sound discretion of the trial court whose judgment will not be disturbed on appeal unless an abuse of discretion is shown. *Poppe* v. *Poppe* (1944), 114 Ind. App. 348, 351, 52 N. E. 2d 506; *Seward* v. *Seward* (1956), 126 Ind. App. 607, 614, 134 N. E. 2d 560.

However, under the rule now in force in this State and upon the factual situation as shown by the record here, there was an abuse of discretion when the trial court herein attempted to require appellant to contribute to the cost of a college education for his minor son.

For the foregoing reasons the judgment of the trial court must be reversed.

Judgment reversed.

Achor, J., not participating because of illness.

Arterburn, C. J., Jackson and Landis, JJ., concur.

NOTE.—Reported in 163 N. E. 2d 243.