## SUMMERS *v.* SUMMERS.

[No. 19,414. Filed November 16, 1961. Rehearing denied December 6, 1961. Transfer denied November 27, 1962.]

78

*Joseph G. Ettl* and *Madeline Graf Ettl,* of South Bend, for appellant.

*Chipman & Chipman,* of Plymouth, for appellee.

KELLEY, J.—In a divorce action instituted by appellant on July 26, 1950, she, on September 5, 1951, was granted a divorce from appellee and she was awarded the custody of the then two year old female child of the parties with an order against appellee for the support and maintenance of said child.

On August 5, 1959, appellee filed his petition to modify said decree of September 5, 1951 concerning the custody of said child, then aged nine years. Said petition alleged certain "reasons" to support the conclusion therein that appellant was not a "fit and proper" person to have the care and custody of said child and prayed that such care and custody of said child be granted to appellee.

The issues presented by said petition and appellant's application for attorney fees were submitted to the court and evidence to sustain the same was adduced by both parties. At the conclusion of the hearing, the court, on October 23, 1959, found and adjudged that the evidence warranted the conclusion that there had been a sufficient change in circumstances since the original decree of divorce to entitle appellee to the care and custody of the child; that appellee was a fit person to have such custody; that the original divorce decree be so modified as to afford appellee the custody of said child, with permitted visiting hours by appellant; and that the child not be removed from the State of Indiana without leave of the court. On November 6, 1959 the said judgment of October 23, 1959 was modified by the court to provide an order against the appellee to pay appellant's attorney the

sum of $711.00 "for his services rendered in this cause." Appellant filed no motion for new trial.

On November 13, 1959, appellant filed her praecipe for transcript of the entire record, including Bills of Exceptions. The transcript and assignment of errors was filed in the Clerk's office of this court on January 4, 1960 and the appeal was submitted on the same date under Rule 2-14 of the Supreme Court. On January 22, 1960 appellant filed her petition for extension of time in which to file her brief. After several subsequent granted petitions for extension of time in which to file same, appellant filed her brief on May 19, 1960.

Appellee has moved that this appeal be dismissed or the judgment affirmed on the ground, *inter alia,* that the judgment appealed from is a final judgment and appellant failed to file a motion for a new trial. Appellant answers this contention by saying that at the time she filed her praecipe for appeal on November 13, 1959, it was the law, as announced by this court in *Haag* v. *Haag* (May 29, 1959), 158 N. E. 2d 800, that an order changing the custody of a child on modification of a previous order or decree as to such custody, was "interlocutory in nature;" that she made a good-faith effort to "comply with the law" and should not be penalized for relying upon the decisions of this court.

Appellee insists, in effect, that the Supreme Court, in *Haag* v. *Haag* (Dec. 22, 1959), 240 Ind. 291, 163 N. E. 2d 243, on transfer of the aforesaid case determined by us on May 25, 1959, declared that the change of custody order entered by the trial court in said case was "for the purpose of appeal, a final judgment appealable as such, under the rules of civil procedure" and, therefore, a motion for new trial was

required of appellant in order to preserve any question for this court; that appellant is saying, in effect, that she "did not know the law about this matter" but that in 1902, in the case of *Stone* v. *Stone* (1902), 158 Ind. 628, 64 N. E. 86 and again in *Cirtin* v. *Cirtin* (1928), 199 Ind. 737, 164 N. E. 493, the Supreme Court had held that such orders of modification were final judgments and not interlocutory orders.

The record does not seem to support appellant's presently assumed position that she relied upon our holdings that the order changing the custody of the child is "interlocutory in nature" and that she accordingly proceeded with her appeal. Her verified petition for time within which to file her brief stated that the transcript and assignment of errors were submitted on January 4, 1960; that the time for the filing of her brief would expire on the "3rd day of February, 1960", "that this is an appeal *from a final judgment* . . . rendered . . . on the 23rd day of October, 1959", etc. It is evident that appellant, at the time of the filing of said petition for extension of time, did not consider that she was appealing from a "final" judgment and she computed that the time for filing her brief would expire on the 30th day following submission. The time limit for filing of appellant's brief in appeals from interlocutory orders is 10 days. See Supreme Court Rule 2-15.

This appeal was submitted on January 4, 1960. Appellant's first petition for extension of the time within which to file her brief was filed January 22, 1960, the same being eighteen (18) days after submission. It follows that even were it to be considered that this is an appeal from an interlocutory order, appellant must fail since neither her petition for extension of time nor her brief were filed

within the ten (10) day period following submission, as required by said Rule 2-15. *Parfenoff et al.* v. *Kozlowski et al.* (1941), 218 Ind. 154, 162, point 13, 31 N. E. 2d 206; *Local Union No. 403 of Bartenders, Restaurant and Miscellaneous Hotel Employees Union et al.* v. *Demetrakopoulos* (1939), 215 Ind. 452, 19 N. E. 2d 466; *Local Union No. 414, etc., et al.* v. *Town & Country Food Co., Inc.* (1959), 129 Ind. App. 668, 159 N. E. 2d 854.

Appellant's assignments of error are seven (7) in number. Although some of them are imperfect and would therefore present no question for review, yet, generally considered, they are each and all grounds for a motion for a new trial and not proper for independent assignment. The claimed errors could be presented only by an assignment that the court erred in overruling a motion for a new trial. As previously stated, no such motion was filed and the time for the filing thereof is no longer existent. Sec. 2-2403, Burns' 1946 Replacement.

In *Adams* v. *Purtlebaugh* (1951), 230 Ind. 269, 277, 102 N. E. 2d 499, which was an appeal from an order modifying the custody order in a divorce judgment, it was said that it would be proper to file a motion for a new trial but "we know of no law requiring a motion for new trial, in this kind of proceeding." That case was decided and the aforesaid statement made by the same Judge who four years earlier, in the case of *State ex rel. Davis* v. *Achor, Judge* (1947), 225 Ind. 319, 326, 75 N. E. 2d 154, had stated that:

"Such orders [for the custody of children] are interlocutory in nature. . . . "

It is no cause for reflection, then, that since the Supreme Court at the time of the said declaration in the

Adams case, *supra,* considered change of custody orders to be interlocutory in nature, it should further hold that there was no requirement for a motion for new trial "in this kind of proceeding."

In the recent case of *Haag* v. *Haag* (1959), 240 Ind. 291, 163 N. E. 2d 243, 246, *supra,* the Supreme Court held, in effect, that the above quoted statement in *State ex rel. Davis* v. *Achor, Judge, supra,* was gratuitous and merely dictum since no question of the nature of the judgment was raised. It further held that change of custody orders are, for the purpose of appeal, final judgments, appealable as such, "under the rules of civil procedure." (Our emphasis.)

The rules of civil procedure are embodied in our Code of Civil Procedure as enacted in Acts 1881 (Spec. Sess.), ch. 38, §1, *et seq.,* as subsequently amended, now being Burns' 1946 Replacement and 1961 Pocket Supplements, §2-101, *et seq.,* and as changed, modified or abrogated by the Rules of the Supreme Court. The present Act authorizing divorce in this state was enacted in 1873 as Acts 1873, ch. 43, being Burns' 1946 Replacement, §3-1201 *et seq.* The duty of the court to provide in its decree for the custody of the minor children of the marriage was made a part of said Divorce Act as §21, ch. 43, Acts 1873, Burns' 1946 Replacement, §3-1219. Our courts have construed this latter mentioned section of the 1873 Act as granting continuing jurisdiction in the court during the minority of the children to change or modify the custody order, in a proper proceeding, where the evidence establishes such a change in the circumstances or conditions of the parents or children as to warrant such modification for the best interests and welfare of such children.

As early as 1885 our Supreme Court, in *Powell* v. *Powell* (1885), 104 Ind. 18, 3 N. E. 639, and *Evans* v. *Evans* (1885), 105 Ind. 204, 5 N. E. 24, declared that the rules of pleading and practice were applicable to divorce cases. In the Powell case, *supra,* it is said:

". . . Indeed, to hold that a divorce proceeding is in no sense a 'civil action' and that, therefore, no provisions of the civil code are applicable thereto, would be, practically, to overthrow the divorce act. It cannot be *enforced without reference to the civil code.* It provides for a petition, cross-petition, and answer, but makes no provision for a reply or the amendment of pleadings; it makes no provision for a demurrer, *a motion for a new trial,* for exceptions, or bills of exceptions, or appeal to the Supreme Court; nor is there any provision for a continuance or for a change from the judge. *For all these the courts must go, and have always gone, to the civil code.*" (Emphasis supplied).

For a well-expressed epitome of the court holdings in this regard, see 10 I. .L. E., *Divorce,* §1, p. 533.

The Civil Procedure code, Acts 1881 (Spec. Sess.), ch. 38, §628, Burns' 1946 Replacement, and 1961 Pocket Supplement, §2-3201, provides for appeals from all final judgments. Acts 1881 (Spec. Sess.), ch. 38, §420, Burns' 1946 Replacement, §2-2401, provides the eight (8) causes for which a new trial may be granted. Acts 1881 (Spec. Sess.), ch. 38, §647, Burns' 1946 Replacement, §2-3225, provided for the entry on the transcript of an assignment of error of all errors relied upon. Said Act is now superseded by Supreme Court Rule 2-6, as amended and made effective November 30, 1949. This rule provides for the attachment to the front of the transcript of a specific assignment of the errors relied upon.

In an unbroken line of numerous cases, our courts have held that errors occurring during the trial of a

cause must be made grounds of a motion for a new trial in the trial court and, to secure a review of the same on appeal, error of the court in overruling the new trial motion must be assigned as error. Such causes for a new trial cannot be independently assigned as error on appeal. Under the aforesaid Rule 2-6, all errors relied upon may be specified in the motion for new trial but the right to independent asignment of error is preserved. The new Rule 2-6 which was adopted June 28, 1960, effective September 1, 1960, applies only to cases filed on or after September 1, 1960. Therefore, said new Rule 2-6 has no application to our present case.

The foregoing excerpts from the code of Civil Procedure and the expressions of the court thereon seemed necessary because of the statement of the court in the case of *Adams* v. *Purtlebaugh, supra,* that it knew of no law requiring a motion for new trial in a proceeding to modify a divorce decree as to the custody of the children of the parties. As the continuing power in the trial court to provide for the custody of such minor children was made a part of the aforesaid Act authorizing a divorce proceeding, it would seem that the said quoted observations of the court in *Powell* v. *Powell, supra,* as to the requirement of going to the civil code in order to supply the omitted provisions of the divorce act, should have equal relevancy to the custody proceeding. That this may be so seems somewhat supported by the holding of the Supreme Court in said case of *Haag* v. *Haag* (163 N. E. 2d 243, 246), *supra,* that change of custody orders are final judgment for the purpose of appeal, appealable, as such, "under the rules of civil procedure."

It follows, we think, that since there was a trial of the issues presented in the change of custody proceeding in the instant case, the "rules of civil procedure" made it incumbent upon appellant, as a prerequisite to an appeal from the adverse judgment to timely present her claimed errors to the trial court by a motion for a new trial and, in the event the same be overruled, to assign such action of the court as error in her assignment of errors, as provided in said Rule 2-6. *State ex rel. Barner et al.* v. *White Circuit Court, Elwood, Special Judge, etc.,* (1958), 237 Ind. 443, 452, 147 N. E. 2d 10.

One inquiry remains for consideration. Are the conclusions we have reached altered by the pronouncements of our Supreme Court relevant to the right of appeal in Indiana? In *State ex rel. White* v. *Hilgemann, Judge* (1941), 218 Ind. 572, p. 575, 34 N. E. 2d 129, the court said:

> "In *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. 2d 399, it was concluded, upon a careful consideration of the authorities, that the Constitution of Indiana guarantees an absolute right to a review by this court; that the *Legislature has the right to regulate and provide procedure* for obtaining a review, *but not to curtail or deny the right. . . .*" (Emphasis supplied).

See, also, *Indianapolis Life Insurance Company* v. *Lundquist,* (1944), 222 Ind. 359, on page 371, 53 N. E. 2d 338, where the court declared:

> "It is sufficient to say that by subsequent decision this court is clearly committed to the doctrine that the . . . right to an appeal does not depend upon a statute."

In a recent case the Supreme Court said:

> "Upon this issue the law is well settled that although the right of appeal may not be denied,

the legislature and this court may establish rules and regulations which control the prosecution of appeals. . . ." *Groover* v. *State of Indiana* (1959), 239 Ind. 271, 275, 156 N. E. 2d 307.

We have above concluded that the rules of Civil Procedure provide the regulation and procedure for an appeal from a final judgment as to the custody of the minor children of the parties. We find no legislative curtailment or denial of the right to appeal from such final judgment. No authority has been called to our attention nor has our research developed any which indicates or holds that in civil cases the constitutional right of appeal can be utilized by an appellant as an avenue of escape from the consequences of the failure to follow the prescribed legal procedural requirements for presentation of asserted errors for review by appellate forum.

The circumstance, asserted by appellant, that she considered the judgment herein appealed from to be an interlocutory order, although, as we have previously observed, such assertion appears contrary to the record, does not in our opinion relieve her from her failure to file and present to the trial court a motion for new trial specifically presenting the claimed errors occurring during the trial to the court for reconsideration and correction prior to appeal. In *Bahar et al.* v. *Tadros, Etc., et al.* (1955), 125 Ind. App. 457, 126 N. E. 2d 791, the opinion states that the parties in that case "considered the judgment herein an interlocutory order." Nevertheless, the court held that there was a final judgment and as no motion for a new trial was filed, the assignment of errors presented no question.

No question having been presented by the assignment of errors herein, the judgment is affirmed.

Bierly and Gonas, JJ., concur.

Pfaff, C. J., dissents.

NOTE.—Reported in 178 N. E. 2d 69.